## THE STATE v. MELONEY

**Liquor Nuisance :** FINE : AMOUNT : DISCRETION OF COURT. Defendant plead guilty to an indictment for keeping a liquor nuisance, and was adjudged to pay a fine of one thousand dollars. He filed an affidavit to the effect that he believed the laws prohibiting the sales of liquors as he sold them to be unconstitutional, and that, as

soon as the supreme court of the United States declared such laws to be constitutional, he closed his saloon, and was resolved never again to engage in the business in violation of law. There being nothing in the record as to defendant's antecedents, and nothing to show how often, if ever before, he had been indicted for similar offenses, *held* that this court could not say that the district court had abused its discretion, or that the fine was excessive.

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, FEBRUARY 7, 1890.

DEFENDANT entered a plea of guilty to an indictment which charged him with the crime of nuisance, committed by violating the law in regard to the sale of intoxicating liquors. He was adjudged to pay a fine of one thousand dollars, and to be imprisoned in the county jail in default of payment. From that judgment he appeals.

*J. J. Smith*, for appellant.

*John Y. Stone*, Attorney General, and *A. C. Steck*, County Attorney, for the State.

ROBINSON, J.—The indictment was presented and filed in the district court on the twenty-fifth day of November, 1887, and charged that the crime alleged was committed on that day, and at other times since the ninth day of September, 1887. The minutes of evidence attached to the indictment show a large number of sales of beer. An affidavit of defendant, which states, in effect, that in conducting his business he did so in good faith, believing that he had a right to do so, for the reason that he had erected the building described in the indictment, and furnished and fitted it up for the sale of beer, before chapters 8 and 143 of the Acts of the Twentieth General Assembly were enacted, and that he had kept the building closed since the constitutionality of liquor legislation had been

affirmed by the supreme court of the United States, and was resolved not to engage in the business of selling liquors again in violation of law. The record shows no evidence but the minutes of testimony and the affidavit mentioned.

Appellant insists that the judgment was excessive, and asks that it be reduced. We know nothing of the antecedents of defendant, and but little of his business, excepting that it was illegal. His affidavit justifies the presumption that he had been engaged in that for some years, and the limitation of time fixed by the indictment suggests that it may not have been the first one found against him for violating the law in regard to the sale of intoxicating liquors. In many cases where fines are to be imposed for violations of law, the court, having a discretion as to the amount, may properly take cognizance of facts and circumstances which the record does not and cannot disclose, in fixing the amount of the fine ; and, unless its discretion is abused, this court ought not to interfere. In this case there is nothing to show an abuse of discretion ; and the judgment of the district court will, therefore, be AFFIRMED,