STATE OF IOWA v. C. A. MORGAN, Appellant.

**Husband and wife:** DESERTION : EVIDENCE. In a prosecution for wife
1 desertion, where the husband admitted the desertion but claimed to have good cause therefor, letters written by the husband bearing upon his intent in deserting his wife were admissible.

**Same:** DESTITUTION : EVIDENCE. The evidence in this action is held
2 sufficient to show destitution of the wife and to support a verdict of guilty on a charge of desertion.

**Same:** SECURITY FOR SUPPORT : DISCRETION OF COURT. Where the de-
3 fendant in a prosecution for deserting his wife, after conviction but before sentence, offered a bond under the provision of section 4775c signed simply by himself, the trial court in its discretion was justified in refusing the same.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

TUESDAY, MARCH 8, 1910.

DEFENDANT was indicted, tried, and convicted of the crime of wife desertion, and appeals.—*Affirmed.*

*W. Norman Huyck,* for appellant.

*H. W. Byers,* Attorney-General and *Charles W. Lyon,* Assistant Attorney-General, for the State.

DEEMER, C. J.—I. When the case came on for trial, defendant admitted in open court that he had neither supported nor lived with his wife during the year just passed, but claimed to have had good cause therefor.

1. HUSBAND AND WIFE: desertion: evidence.

The state was permitted, over defendant's objections, to introduce certain letters written by defendant to a woman other than his wife, containing words of endearment, protestations of love and affection, and promises to meet her at various places. It was also shown that defendant represented himself to the woman as an unmarried man or a widower, and that he was paying court to her. Manifestly this testimony was all relevant, competent, and material, as it bore upon defendant's intent in deserting his wife. *State v. Lewis,* 139 Iowa, 405.

II. There was ample testimony to support the verdict. Defendant admitted nonsupport and desertion, but claimed that he had good cause for so doing. A jury was justified in finding, however, that he left his wife because he found another—an affinity, according to modern phraseology—and that he had no other cause for so doing. He admitted that he furnished his wife no support, and it sufficiently appears that she had nothing, save as she earned something

2. SAME: destitution: evidence.

through her own labor. She did housework and chamber work as she could get it, and thus earned about $5 per week. This was sufficient proof of destitution.

III. The statute under which defendant was convicted, among other things, provides: "If after arrest before trial, or after conviction and before sentence, the

3. SAME: security for support: discretion of court.

party so arrested or convicted shall appear before the court in which the case is pending or the conviction had, and enter into a bond to the state of Iowa in a sum to be fixed by the court, which in no event shall exceed the sum of one thousand dollars, with or without sureties as may be determined by the court, conditioned that such husband will furnish said wife with a necessary and proper home, food, care and clothing, or that such parent will furnish his or her child or children with a necessary and proper home, food, care and clothing, then said court may release the defendant. Said bond shall remain in force so long as the court deems the same necessary; and whenever it shall appear to said court by affidavit or otherwise that such husband or parent is in good faith furnishing his wife, child or children with the necessary and proper home, food, care and clothing, the court may annul the said bond." Code Supp. 1907, section 4775c. After defendant's conviction, but before sentence, he offered a bond in the sum of $1,000, conditioned as required by this section, but signed by himself alone. The trial court refused to receive it, and in so doing committed no error. The statute is not mandatory, but directory, and the whole matter is left to the sound discretion of the trial court. No abuse of such discretion is shown in this record.

No error appears, and the judgment must be, and it is, *affirmed.*