STATE OF IOWA, Appellee, v. LAVERNE TARR, Appellant.

No. 46203.

JUNE 15, 1943.

Henry H. Griffiths, of Des Moines, for appellant.

John M. Rankin, Attorney General, Don Hise, Assistant Attorney General, Francis J. Kuble, County Attorney, and Ralph D. Moore, Assistant County Attorney, for appellee.

BLISS, J.—As noted, the accusation against the defendant was by a county attorney's information, filed in a municipal court in which he was adjudged guilty and sentenced upon his plea that he was guilty of the crime charged. In this court the defendant, as appellant, assigns error, asking a reversal of the judgment, and his dismissal, in the following respects: (1) the information filed in the municipal court was void as being beyond the power of the county attorney (2) the municipal court had no jurisdiction to receive or file such information, or of the subject matter therein referred to, or of the person of the defendant, or to enter judgment (3) there was never any legal presentment of a charge of crime, or valid proceeding relative thereto, or jurisdiction in the municipal court of the subject matter, or of the person of the appellant.

These grounds are all based upon appellant's proposition that under the Constitutions of the United States and of the State of Iowa there is no jurisdiction in the municipal or in any other court to entertain a charge against one accused by a county attorney's information. Appellant refers to the provisions in Amendment 5 to the Constitution of the United States, and in section 11, Article I of the State Constitution, respecting presentment or indictment by a grand jury. He also calls attention to Amendment 3, of 1884, to the Constitution of Iowa, providing that:

"The Grand Jury may consist of any number of mem-, bers not less than five, nor more than fifteen, as the General Assembly may provide, *or* the General Assembly may provide for holding persons to answer for any criminal offense without the intervention of a Grand Jury." (Italics supplied.)

It is the appellant's contention that the word "or" clearly indicates that the general assembly may provide for one of two things: either reduce the usual number of the grand jury,. *or* for criminal charges without the intervention of a grand jury; and that it has no power to do both. Appellant further insists that the general assembly, in reducing. the number of grand jurors by its enactment in chapter 42, Acts of the Twenty-first General Assembly, exhausted its power under the aforesaid constitutional amendment, and that the passage in 1911 of chapter 188 of the Acts of the Thirty-fourth General Assembly, now chapter 634 of the Iowa Code, giving to the district court the power to entertain, and to the county attorney the power to file, informations charging felonies as well as misdemeanors, was without constitutional authority and the act is void. Reasoning from these premises, the appellant asserts that chapter 219 of the Acts of the Forty-second General Assembly, which amends said chapter 634 of the Code so as to permit the filing of a county attorney's information in a municipal court, and the hearing and determination of the cause by that court, is also unconstitutional. Appellant also argues that said chapter 219 is also unconstitutional because of its defective title.

The appellant presents these constitutional points more fully in his printed reply argument, filed a few days before the oral submission, than in his first brief and argument. The appellee, therefore, did not argue these questions in print but stated in oral argument that, since none of the points urged by appellant had been argued in any way in the court below they could not be raised for the first time on appeal. Since the oral submission, appellant's attorney has written the court and the attorney general questioning the soundness of the opinion of this court in State. v. West, 197 Iowa 789, 790 et seq., 198 N. W. 103, holding, in accord with the general rule, that questions not raised below will not be considered on appeal,

662

and that therefore the constitutionality of a statute cannot be first questioned on appeal unless the case comes within some exception to the general rule, even in a criminal case. The opinion cites, in support thereof, State v. Wilson, 124 Iowa 264, 99 N. W. 1060; State v. Perkins, 143 Iowa 55, 60, 120 N. W. 62, 21 L. R. A., N. S., 931, 20 Ann. Cas. 1217; State v. Burch, 195 Iowa 427, 192 N. W. 287, 31 A. L. R. 198; State v. Meyer, 180 Iowa 210, 163 N. W. 244; State ex rel. Woodbury County Anti-Saloon League v. Ross, 186 Iowa 802, 803, 173 N. W. 66. Justice DeGraff dissented. The opinion expressly overruled State v. Gibson, 189 Iowa 1212, 1216, 174 N. W. 34, which held to the contrary. We have no disposition to overrule our decision in the West case.

We will therefore give no consideration to the merits or the demerits of the propositions of law raised for the first time in assignments of error on this appeal.

The judgment is therefore affirmed.—Affirmed.

All JUSTICES concur.