STATE OF IOWA, Appellee, v. CECIL MEAD, Appellant.

No. 46779.

APRIL 2, 1946.

George W. Kephart and E. O. Bundy, both of Sioux City, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and Edward L. Moran, County Attorney, for appellee.

MULRONEY, J.— The defendant, Cecil Mead, and his brother John were accused in an indictment of the crime of assault with intent to rob one Howard Reed. The separate trial of Cecil Mead resulted in a verdict of guilty. Motions in arrest of judgment and for new trial and exceptions to instructions were overruled and defendant was sentenced and committed to the penitentiary as provided by law. Upon this appeal the defendant devotes two and a half pages to an enumeration of the fourteen errors relied upon for reversal. The charged errors assail nearly all of the trial court's seventeen instructions to the jury, for the reasons set forth in defendant's exceptions to the instructions, referring to the portion of the abstract where the exceptions are set forth. None of the alleged errors are argued. There are no brief points or divisions where the claimed errors are even discussed.

The rule is well established that errors assigned which are not argued are deemed waived. State v. Harding, 204 Iowa 1135, 216 N. W. 642; State v. Neifert, 206 Iowa 384, 220 N. W. 32.

Following the list of errors relied on for reversal the brief sets forth some citations to Iowa decisions and copies of Iowa statutes, without any indication as to which of the several errors the authorities are applicable. The three-line argument that follows the authorities is as follows:

"Defendant contends the case never should have gone to the jury for a variety of reasons hereinbefore and hereafter set out, any one of which is sufficiently weighty to be conclusive."

The remaining two or three pages of defendant's brief contain some short statements of abstract propositions of law, usually with one supporting authority, but there is no statement indicating that the proposition stated is applicable to any of the claimed errors. The attorney general in his brief states that he is in "utter confusion as to what appellant is actually relying upon and here presenting as a basis for a reversal." We share his confusion. The following comment of Justice Evans of this court, in State v. Brodi, Iowa, 200 N. W. 180, is much in point:

"The argument filed for appellant discloses no apparent

effort to comply with our rules. The errors relied on for reversal are not made to appear therein except by reference to the abstract. No brief point brings to our attention any particular error to which it is directed. A reading of such argument from beginning to end leaves us without any knowledge whatever whether any error was committed. The argument appears to have been written in reliance upon our examination of the abstract for a discovery of the particular errors."

Because of the absence of argument, directed to the specific errors which are merely mentioned, we will not discuss the instructions and rulings of the trial court.

From a careful study of the abstract we discover no prejudicial error. From the State's evidence the jury could have found that Howard Reed, Marion Smith, and Harry Hicks drove from their home in White, South Dakota, to Sioux City, Iowa, on December 30, 1944. Reed, age twenty-three, and Smith, age twenty-two, are farm youths, and Hicks, age twenty-six, operated a garage and automobile repair shop. Hicks was seeking some automobile parts in Sioux City and the other two came along for the trip. Smith and Reed testified that at about 10 o'clock in the evening, while they were waiting for Hicks to return from an auto parts shop, an unprovoked attack was made on Reed while they were standing on a sidewalk in Sioux City. Reed was knocked senseless by the first blow and Smith was knocked to the sidewalk when he attempted to fight Reed's assailants. He testified he saw one of the men bend over the prostrate body of Reed. When Hicks arrived on the scene Smith had left to go to a near-by drugstore to summon the police and the assailants were dragging Reed's senseless body toward a dark alley. Hicks then engaged in a fight with the men but desisted when one of them drew a knife. The police car arrived in a few moments and the assailants fled. There was evidence that the assailants were Cecil and John Mead and that Reed had a wallet, containing about $30, in his left rear trousers pocket just before he was assaulted and this was not on his person when his pockets were examined at the police station after the fight. Reed suffered a minor concussion. He spent the night

in the hospital in Sioux City and did not recover consciousness until the next day.

The first essential element of the crime, the assault, was clearly shown. The second essential element, that the assault was in furtherance of an intent to rob, could be inferred from all the facts and circumstances in the case. The testimony of an unprovoked attack at night, so vicious that the victim was knocked senseless to the sidewalk; the testimony of the missing purse; and the testimony of the actions of the assailants, who bent over the victim's prostrate body and did not leave the scene of the affray until driven off by the approach of the police officers, would warrant the jury's finding that the purpose of the assault was to rob. As bearing on the case, see State v. Norman, 190 Iowa 472, 180 N. W. 151.

We discover no prejudicial error and therefore the judgment is affirmed.—Affirmed.

BLISS, C. J., and OLIVER, HALE, MILLER, GARFIELD, SMITH, and MANTZ, JJ., concur.

WENNERSTRUM, J., not sitting.