STATE OF IOWA, appellee, v. ROGER MYERS, appellant.

No. 47525.

(Reported in 42 N.W. 2d 79)

APRIL 4, 1950.

A. L. Wensel, of Des Moines, for appellant.

Robert L. Larson, Attorney General, and Don Hise, First Assistant Attorney General, for appellee.

HAYS, J.—On May 5, 1949, defendant, through his attorney R. E. Duffield, entered a plea of not guilty to the charge of operating a motor vehicle while intoxicated, second offense. On May 12, 1949, this plea was withdrawn and a plea of guilty entered. June 4, 1949, judgment of one year in the penitentiary was entered and notice of appeal was immediately given. On July 10, 1949, through his present attorney, defendant filed a motion in arrest of judgment and for a change of plea, which was overruled September 28, 1949.

Section 321.281, Code of 1946, provides, in substance, that whoever while in an intoxicated condition operates a motor vehicle upon a public highway, shall on a plea of guilty be punished for the second offense by a fine of not less than five hundred dollars nor more than one thousand, or by imprisonment in the penitentiary for a period of not to exceed one year, or both such fine and imprisonment.

█ I. Appellant's first assigned error is that the minimum sentence should have been given, since the plea of guilty was entered in reliance upon the agreement of the county attorney to recommend the minimum sentence, which recommendation was not given. Conceding that on May 12 the plea of guilty was entered because of the agreement of the county attorney to recommend the minimum sentence, and assuming that the recommendation of the county attorney would be binding upon the court, which it clearly is not, still, under the record there is no basis for this claim. The record shows that on June 3, 1949, the county attorney advised Mr. Duffield that he would not be able to recommend a minimum sentence. On the morning of June 4, 1949, and prior to going into court, the matter was discussed by Duffield and the county attorney. During the hearing nothing was said to the court about this agreement nor was there any request made to withdraw the plea of guilty. This was defendant's right under section 777.15, Code 1946. See also State v. Machovec, 236 Iowa 377, 17 N.W.2d 843. There is no merit to this assignment.

█ II. Appellant next contends that the court erred in considering evidence of a later alleged offense occurring after the plea of guilty and before judgment was pronounced.

At the time judgment was pronounced, the county attorney read to the court, without objection, a statement by the sheriff as to his investigation of the facts surrounding a plea of guilty by the appellant in Polk County on May 21, 1949, to the charge of reckless driving. It was this violation that caused the county attorney to refuse to recommend a minimum sentence. There is no question but that the trial court considered this violation in pronouncing the judgment that he did. The statute above-quoted places a discretion in the trial court as to the penalty to be imposed. In exercising that discretion it is not error for the court to ascertain any and all facts that will assist it in the proper exercise of that discretion, whether it be in or out of the record. State v. Meloney, 79 Iowa 413, 44 N.W. 693. In fact, under this record the county attorney would have been derelict in his duty had he failed to bring the matter to the court's attention.

III. Appellant further asserts that the judgment is excessive. The judgment pronounced was neither the minimum nor the maximum. Where the sentence imposed does not exceed the maximum it is only where an abuse of discretion is shown that we will interfere. State v. McMahon, Iowa, 211 N.W. 409; State v. Small, 233 Iowa 1280, 11 N.W.2d 377. We do not find an abuse of discretion.

IV. It is further asserted in the appellant's brief that the court erred in overruling the motion in arrest of judgment and for change of plea. This assignment is not argued and is therefore waived. State v. Mead, 237 Iowa 475, 22 N.W.2d 222; State v. Lamb, 239 Iowa 176, 30 N.W.2d 734.

Finding no error, the judgment of the trial court is affirmed. —Affirmed.

All JUSTICES concur.