STATE OF IOWA, appellee, v. DONNELL RAY WALKER, appellant.

No. 48707.

(Reported in 70 N.W.2d 177)

MAY 3, 1955.

Verne Benjamin and Thomas O. Tacy, both of Council Bluffs, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, of Des Moines, and Matt Walsh, Pottawattamie County Attorney, of Council Bluffs, for appellee.

SMITH, J.—The indictment (on January 20, 1954) charged "desertion and nonsupport" alleging: "That defendant * * * did wilfully and without good cause neglect and refuse to provide support for his three minor children * * * they being in a destitute condition. In violation of section 731.1 of the 1950 Code of Iowa."

Defendant was arraigned and pleaded guilty on February 18, 1954, but no sentence was pronounced at that time. Instead the court made the following order: "* * * it appearing to the Court that the defendant is desirous of furnishing support for his three minor children and reimbursing the State Board of Social Welfare for the $356.80 which they have contributed toward the support of said minor children.

"It is therefore ordered that under the provisions of section 731.3 of the 1950 Code of Iowa he be released on Bond on the condition that he pay to the clerk of the District Court the sum of $356.80 in monthly payments of $60 beginning in the month of March, and each and every month thereafter until said amount is fully paid."

A paragraph then orders the clerk to remit the sum of

$356.80 (when fully paid in) to the Welfare Board and then concludes:

"It is further ordered that after the $356.80 is fully paid defendant shall continue to support his three minor children according to law and that he be permitted to sign his own bond in the sum of $500."

That same day (February 18, 1954) defendant filed the undertaking or bond which, after "WHEREASES" reciting the preliminary matters, continues: "Now, THEREFORE, I * * * hereby undertake to furnish my three minor children with necessary support and pay into the office of the clerk * * * for the purpose of reimbursing the State Board of Social Welfare for the $356.80 * * * the sum of $60 per month until said amount is fully paid, and that if I should fail in said undertaking, I shall forfeit and pay to the State of Iowa the sum of $500. [Signed] Donnell Ray Walker."

On June 26, 1954, the county attorney filed an "application for order" which first recited what had already transpired and then continued:

"That since the procedure above outlined the defendant has failed and refused to make any payments to the clerk of court except a payment of $10 on May 10, 1954.

"That defendant has wholly failed in his undertaking and that under the provisions of section 731.5 of the 1950 Code of Iowa, the defendant may be arrested * * * upon a warrant issued by the court in which a conviction was had.

"Wherefore applicant prays that the court issue a bench warrant * * * and set a date for sentencing * * *."

A warrant issued the same day ordering that the defendant be arrested and brought before the court July 1, 1954, to be sentenced. On July 20 the county attorney filed another application reciting that it had been impossible to locate defendant prior to July 1, but that on July 16 he had posted a $500 bond. A new date for sentencing was fixed and on July 24, the day set, defendant appeared and requested a continuance which was denied.

His attorney then moved to dismiss the proceeding claiming the court had lost jurisdiction because the term of court of the original order was past, that the court could not sentence him for

nonpayment of his debt to the "State of Iowa or Pottawattamie County" (evidently meaning the Welfare Board).

The motion was overruled. Defendant was asked if he had any evidence to offer. His attorney stated defendant had ("at this time") a steady job and was "able and willing to pay fifteen dollars a week until this money is paid to the county and state if this case is continued over for a week. He hasn't any money at this time. If he is sentenced to jail the county will have to support his *wife*." (Emphasis supplied. The minutes of evidence attached to the indictment show defendant and his wife were divorced. The record reveals no mention of the dependent children.)

Sentence to the penitentiary was imposed and defendant has appealed.

The applicable statutes are found in chapter 731, Iowa Code, 1954. Section 731.1 defines the crime and prescribes the penalty. The indictment, already set out, indicates its nature. Section *731.3* permits the court, after a defendant is convicted, to release him upon bond "with or without sureties" conditioned that he will furnish his dependent children with "a necessary and proper home, food, care, and clothing." Section 731.5 provides for rearrest of defendant, forfeiture of his bond and his commitment, upon his failure to comply with his undertaking, "or for good cause shown" the court "may release the defendant upon a new undertaking."

I. We have set out the proceedings at some length in order to get the picture clearly in mind. The procedural situation is unusual and there are few if any precedents to guide us.

Defendant bases his argument here on the premise that his constitutional right of being confronted by the witnesses against him had been denied—"the right of cross-examination and the right to be acquitted unless, from the evidence or lack of evidence, he was *convicted* [emphasis supplied] beyond a reasonable doubt."

Apparently defendant and his attorneys forget he had already been *convicted* of the crime for which he was sentenced. He had pleaded guilty to the crime of *"wilfully and without good cause"* neglecting and refusing "to provide support" for his destitute minor children.

No constitutional rights are involved on this appeal.

■ II.   The statute (Code section 731.3) in cases of this kind gives the trial court *discretionary* power "before sentence" to release the defendant upon his bond conditioned that he "will furnish his * * * children with a necessary and proper home, food, care, and clothing." State v. Sell, 199 Iowa 388, 202 N.W. 209. The section is not mandatory but directory and discretionary. State v. Morgan, 146 Iowa 298, 125 N.W. 166.

■ Unfortunately, in the instant case, the court ordered first that defendant give bond to pay the amount that had already been advanced by the Welfare Board and provided "that after the $356.80 is fully paid defendant shall *continue* to support his three minor children according to law." The bond as given contained the dual undertaking to furnish the children "necessary" support and to make the $60 payments required by the order in order to liquidate his debt to the Welfare Board.

The defendant argues the obligation of the bond to repay the State Board of Social Welfare "is illegal and void." The argument is sound. The amount due the Board was a valid debt but its repayment could not be made a condition of suspending sentence under the statute. State v. Manley, 197 Iowa 46, 50 et seq., 196 N.W. 724. The debt to the Social Welfare Board had no status differing from that of any ordinary debt. Its nonpayment could not be the basis for imprisonment.

III.   But it does not follow the entire bond was void. The unusual (but benevolent and humane) provisions for permitting a suspension of sentence (for the crime already committed) and for the release of defendant on bond to "go and sin no more" is a matter of grace for the benefit of the neglected children, not of the defendant, who has pleaded guilty of the crime of wilfully deserting and leaving them in a destitute condition.·

The statute is based on the self-evident proposition that usually a man's ability to support his dependents ends when he is imprisoned. And enforcement of that support is the primary purpose. If by holding over a defendant's head the threat of imprisonment his ability or will to perform his duty can be sufficiently stimulated, the object of the statute will have been attained. It is not intended to provide imprisonment for debt.

■ IV. Nor does the court lose jurisdiction to impose sentence at a subsequent term of court if the proper obligation of the bond is violated and it becomes apparent the mere threat of punishment is not having its effect. We are cited to no authority holding that. The court retains power to impose punishment for the original crime of which defendant has been convicted. Section 731.5, Iowa Code, 1954. Any construction that would deny the power of the court at a later term to pronounce sentence upon the conviction already entered would largely diminish any value the statute has as a social weapon for the benefit of the dependents.

■ But it is the duty of the court in such case to determine whether the proper condition of the bond has been violated— whether defendant is continuing the neglect and the nonsupport of his dependent children. State v. Sell, supra.

We do not find that any such inquiry was made here. The whole emphasis was upon defendant's failure to make the monthly payments for defraying his debt to the Welfare Board. Court and counsel alike seemed to consider that the first and principal object of the proceedings.

We are disturbed, not by any violation of defendant's rights, but by lack of consideration for the welfare of the children. There is not a word in the record to show that any inquiry was made or any information vouchsafed as to whether defendant had done anything or paid anything for their support; or as to whether further extension of time would be in their interest.

V. We see no reason why this may not still be done. We think the sentence imposed should be suspended and the case returned to the district court, inquiry made as to whether defendant can be depended on to support his children in a proper manner, and judgment rendered accordingly. The nature of the inquiry and final determination must be left to the sound discretion of the court.

It is so ordered.—Reversed.

WENNERSTRUM, C. J., and OLIVER, MULRONEY, HAYS, THOMPSON, and LARSON, JJ., concur.

GARFIELD and BLISS, JJ., dissent.

938

GARFIELD, J. (dissenting)—I respectfully dissent.

I think the majority reverses the judgment upon a proposition not raised in the district court and upon a claimed error not assigned here, contrary to our repeated holdings this will not be done and notwithstanding defendant has been represented at all times by counsel of long experience.

Some further statement of facts seems desirable. When defendant, with his counsel, pleaded guilty on February 18, 1954, the entry made by the district court contained this recital: "Thereupon representations are made by defendant and his counsel to the court that defendant desires under the provisions of the law and prior to the pronouncing of sentence to have an opportunity to give a bond conditioned that he will support his children, and a bond in the sum of $500 conditioned as provided by law is tendered and the same is by the court accepted."

Defendant's "Bond for Support" in the sum of $500, filed the same day, provides in part:

"WHEREAS, said defendant is now desirous of furnishing support for his three minor children,

"Now, THEREFORE, I * * * hereby undertake to furnish my three minor children with necessary support and pay into the office of the clerk * * * for the purpose of reimbursing the State Board of Social Welfare for the $356.80 which they contributed toward the support of said children, the sum of $60 per month until said amount of $356.80 is fully paid, and if I should fail in said undertaking, I shall forfeit and pay to the State of Iowa the sum of $500."

The county attorney's application for order which defendant says in argument was verified, filed June 26, 1954, recites: "That on the same date (February 18, 1954) defendant indicated a willingness to support his family * * *.

"That defendant has wholly failed in his undertaking and under the provisions of section 731.5 of the 1950 Code of Iowa, defendant may be arrested * * *." As the majority indicates, section 731.5 provides for rearrest of a defendant, forfeiture of his bond and his commitment upon his failure "to comply with his undertaking."

It was July 24, 1954, before defendant and his attorney appeared in court in response to the above county attorney's

application. Defendant's first move at this time is shown by the following record: "Defendant appears and requests a continuance of this case from week to week on the promise *that he will comply* with the previous order." The court was of the opinion this application was without merit and overruled it. (No complaint is now made of the ruling.) At this point there was a "discussion off the record" the nature of which is not shown.

Thereupon the court inquired of defendant's counsel in defendant's presence, "Do you have anything to say?" The only response to this inquiry was the motion (to which the majority refers) by defendant's attorney "to dismiss this proceeding" on the ground the court had lost jurisdiction because the term of court was past in which the original order was made and the court could not sentence defendant for nonpayment of money to the state or county. This motion was likewise overruled and again there was a discussion off the record the nature of which does not appear.

The majority agrees the district court did not lose jurisdiction to sentence defendant at a subsequent term and defendant does not now argue it did.

After defendant's motion to dismiss the proceeding was overruled, the court *three times* inquired of defendant's counsel if he had any evidence to offer. To the first such inquiry the attorney replied, as the majority indicates, "Except what I have stated to the court—that this man has at this time a steady job and is able and willing to pay fifteen dollars a week" etc. This statement was followed by discussion off the record *for the third time*, the nature of which is not revealed.

To the court's second inquiry whether defendant had any evidence to offer, his counsel responded, "Well the facts I stated to you", evidently referring to one of the discussions off the record. To the court's third inquiry whether he had any evidence to show why sentence should not be pronounced according to law, his counsel replied, "I have no further evidence."

The court then explained to defendant that his bond in the sum of $500, filed February 18, 1954, was "conditioned that you pay certain sums for the support of your wife and children" and

"You are in default of your payments as required by the order and the condition of the bond, and the bond is hereby forfeited." Defendant was then sentenced to a term not to exceed a year in the penitentiary.

It may be conceded defendant should not be sentenced for failure to repay the State Board of Social Welfare. But the obligation to repay the Board is only one of the two conditions of this bond. The other is plainly stated in the bond itself: "I * * * hereby undertake to furnish my three minor children with necessary support." I understand the majority to hold this condition of the bond is valid and of course I agree.

Defendant argues in this court for the first time that the State was required to offer sworn evidence of witnesses that defendant had violated the undertaking of his bond to furnish his children with necessary support. Even this point is not raised by any assignment of error. I think it was not necessary to offer such evidence under the circumstances here, and there is sufficient basis for the conclusion that the proper condition of this bond was violated.

As before explained, the county attorney's sworn application, filed four weeks before defendant was sentenced, recites: "That defendant has *wholly* failed in his undertaking and under the provisions of section 731.5 * * * may be arrested * * *." Defendant and his experienced counsel certainly knew the State claimed defendant had failed to support his children in violation of his bond. It is not argued they did not have such knowledge.

The response of defendant's attorney to the court's inquiry whether he had "anything to say" did not intimate defendant had furnished his children necessary support, or that the State was required or called upon to offer evidence of his failure to support them. Defendant's main contention—wholly without merit and now abandoned—was that the court had lost jurisdiction because the plea of guilty was entered at a previous term. Nor did any of the three inquiries from the court whether defendant desired to offer evidence indicate any claim defendant had furnished his children support or that it was incumbent on the State to offer sworn testimony of failure of support. Defendant has never asserted here he furnished his children any support.

It is entirely possible that in one or more of the three discussions "off the record" defendant's counsel frankly conceded he had not furnished any of his three children with support during the more than five months since he pleaded guilty. Applicable here are decisions that a trial court in pronouncing sentence may consider "any and all facts that will assist it in the proper exercise of that discretion, whether it be in or out of the record. State v. Meloney, 79 Iowa 413, 44 N.W. 693." State v. Myers (Hays, J.), 241 Iowa 670, 672, 42 N.W.2d 79, 80.

In any event the contention it was incumbent on the State to prove by sworn testimony (or otherwise, for that matter) defendant had not furnished such support was not made in the trial court. Had it been, there is every reason to believe ample evidence to that effect could and would have been readily produced. It is not unfair to require such a contention to be raised in the trial court and to hold, in accord with a long line of precedents, it cannot be first advanced here.

These are a few of our many decisions to the effect a contention not timely raised in the trial court will not be considered on appeal: State v. Manley, 197 Iowa 46, 53, 196 N.W. 724; State v. Tarr (Bliss, J.), 233 Iowa 659, 10 N.W.2d 55; State v. Thom (Oliver, J.), 236 Iowa 129, 132, 17 N.W.2d 96, 98; State v. Albertson (Smith, J.), 237 Iowa 1148, 1153, 24 N.W.2d 395, 397; State v. Stuart (Mulroney, J.), 241 Iowa 1004, 1007, 43 N.W.2d 702, 703; State v. Rutledge (Oliver, J.), 243 Iowa 179, 199, 47 N.W.2d 251, 263; State v. Ganaway, 243 Iowa 1316, 1318, 55 N.W.2d 325, 326. See also 3 Am. Jur., Appeal and Error, sections 820, 857; 24 C. J. S., Criminal Law, section 1669, which states: "It is an almost universal rule that questions not raised in the trial court will not be considered on appeal."

Aside from what has thus far been said, State v. Sell, 199 Iowa 388, 389, 202 N.W. 209, 210, cited by the majority, states that when an affidavit was filed alleging Sell had failed to comply with the conditions of his bond to furnish a suitable home for his children "Citation issued, and the defendant was required to show cause why the bond should not be forfeited." This method of procedure seems to have met with our approval in

942

the Sell case. At least no disapproval thereof is expressed. This would indicate it was proper here for the trial court, after the county attorney's sworn application had been filed, to call upon defendant to show cause why his bond should not be forfeited. Certainly no sufficient showing to such effect ·was made here.

State v. Sell, supra, also states: "Did the court exercise a proper discretion in the forfeiture of the bond? Ordinarily, this is a matter within the control of the trial court; and before this court will interfere, a clear abuse of discretion must be shown." Substantially this same language is found in 67 C. J. S., Parent and Child, section 98b(2)(d), page 849.

I think no clear abuse of discretion has been shown here. I would affirm.

BLISS, J., joins in this dissent.