**STATE of Iowa, Appellee,**

v.

**Gary D. SUMMERS, Appellant.**

No. 56454.

Supreme Court of Iowa.

June 26, 1974.

P. F. Elgin, Indianola, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and Robert A. Gottschald, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and HARRIS, JJ.

PER CURIAM:

Defendant appeals judgment on guilty plea to the crime of embezzlement in violation of Code section 710.5. He asserts, (1) the county attorney's statements concerning his arrest for another offense during the presentence investigation period constituted reversible error, and (2) the trial court abused its discretion by imposing the maximum sentence.

Defendant made no objection to the county attorney's statement and attempted to explain to the trial court the reason for his arrest. Defendant's first assigned error claimed for the first time on appeal cannot be effectively asserted. State v. Cooper, Iowa, 217 N.W.2d 589, 592; State v. Wisher, Iowa, 217 N.W.2d 618, 620. It must be noted, however, a trial court may consider any information about an accused derived from events prior or subsequent to the crime for which sentence is to be pronounced. State v. Stakenburg, Iowa, 215 N.W.2d 265, 267; State v. Myers, 241 Iowa 670, 672, 42 N.W.2d 79, 80 and citations.

If a sentence does not exceed the statutory maximum, this court will inter-

fere only where an abuse of discretion is shown. State v. Russell, Iowa, 216 N.W. 2d 355, 356; State v. Voshell, Iowa, 216 N.W.2d 309, 310. The presentence investigation report showed defendant's prior difficulties with the law. Following a California felony conviction he came to Iowa in violation of a probation order. We find no abuse of the trial court's discretion.

The trial court judgment is affirmed.

Affirmed.