STATE of Iowa, Appellee,

v.

Pamela Jean PROTHERO, Appellant.

No. 58462.

Supreme Court of Iowa.

May 19, 1976.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendant was charged with possession of a controlled substance (marijuana) with intent to deliver in violation of section 204.-401(1), Code 1973. She entered a plea of guilty to the charge and requested a hearing and order for commitment to a proper facility for medical treatment and rehabilitative services under the provisions of Code section 204.409. After full and complete evidentiary hearing June 4, 1975 her request was denied. She appeals from the court's subsequent order that she be imprisoned in the women's reformatory for a period not to exceed five years as provided by section 204.401(1).

As pertinent here section 204.409(2) provides:

"Whenever the court finds that a person who is charged with a violation of section 204.401 and who consents thereto, or who has entered a plea of guilty to or been found guilty of a violation of said section, and who is addicted to, dependent upon, or a chronic abuser of any controlled substance and that such person will be aided by proper medical treatment and rehabilitative services, it may order that he be committed as an in-patient or out-patient to a facility approved by the state department of health for such medical treatment and rehabilitative services. * * *."

I. On this appeal defendant argues the evidence supports a finding she is dependent upon drugs and that we should remand this case to the trial court for further proceedings and proper sentencing. Defendant does not contend the record establishes her as an addict or a chronic abuser.

District Judge Critelli over a period of several months attempted to assist and get full information regarding defendant's problems.

February 13, 1975 he ordered defendant transferred from the Polk County Jail to the ADAPT, Inc., a medical and rehabilitative center at 512 9th Street, Des Moines. (S.F. 190, Acts 64th General Assembly (1st Session). He kept informed of her authorized outside employment activities and her behavior both in and away from the center. February 26, 1975, defendant, with counsel, entered the guilty plea referred to above. March 12 defendant was ordered transferred to Broadlawns, Polk County Hospital for a sufficient period to conduct a psychological examination and evaluation to determine any treatment as needed by defendant. The diagnosis of Dr. Sidney L. Sands, M.D., stated: "Sociopathic personality, nonspecific drug dependence." She was returned to ADAPT within a few days and resumed her outside employment and other activities.

The evidence submitted to the court June 4, 1975 was extensive. The testimony of ADAPT counselor, Richard L. Juel, included, "Today Pam does not have a physical addiction to any form of drugs but she still has a psychological dependency on drugs. This dependency places her in the category of the potential drug user/abuser." The court asked ADAPT director, Fred Hobson, "Are you giving me the opinion she was a chronic abuser of drugs? Is that your opinion?" Hobson answered, "She is dependent. I would say she is psychologically dependent on drugs." Defendant's testimony included, "I was on amphetamines when I went to ADAPT. I am not now dependent

upon them, but I was at the time I was admitted to ADAPT."

The trial court found that although defendant had some psychological dependence on the use of a controlled substance, she had failed to prove she was addicted to, dependent upon or a chronic abuser of any controlled substance.

The words addict, dependent upon and chronic abuser as used in section 204.409(2) are not defined. Necessarily we must resort to dictionary definitions. Black's Law Dictionary defines addict as "one who has acquired the habit of using spirituous liquors or narcotics to such an extent as to deprive him of reasonable self-control;" dependent as "deriving existence, support, or direction from another; conditioned, in respect to force or obligation, upon an extraneous act or fact;" chronic as " * * * of long duration, or characterized by slowly progressive symptoms; deep-seated and obstinate, or threatening a long continuance; * * * " and abuse as "To make excessive or improper use of a thing, or to employ it in a manner contrary to the natural or legal rules for its use; to make an extravagant or excessive use, as to abuse one's authority."

There is a complete lack of evidence defendant was an addict or a chronic abuser or that she had experienced any physical dependence. The real thrust of defendant's argument to this court is that trial court improperly ignored proof of some psychological dependence in finding defendant was not dependent upon a controlled substance as required by the statute. We therefore set out additional dictionary definitions of "dependent." Webster's Third New International defines it as "determined or conditioned by something else: unable to exist, sustain oneself, or act suitably or normally without assistance or direction * * *." Webster's New World Dictionary, Second College Edition defines dependent as "influenced, controlled or determined by something else; contingent."

The parties have failed to cite any case law dealing with psychological dependence. Other than those cases dealing with statu-

tory definitions there is a dearth of authority on the subject. However this pertinent language is found in *People v. Victor,* 62 Cal.2d 280, 42 Cal.Rptr. 199, 398 P.2d 391, 405: " * * * it is generally agreed that when the stage of full emotional dependence has been reached, the user lives in a state of overpowering need or compulsion to periodically experience the effects of the drug and hence that its continued use becomes the primary support of and motive for his existence." We have no such proof in this case.

We hold the trial court did not err in finding defendant was not addicted to, dependent upon or a chronic abuser of a controlled substance.

III. It must be noted also section 204.409(2) provides the trial court *may* order commitment for medical or rehabilitative services. Sound discretion is vested in the trial court. *State v. Horton,* Iowa, 231 N.W.2d 36, 39. We will interfere only where an abuse of discretion is shown. *State v. Summers,* Iowa, 219 N.W.2d 26, 27; *State v. Davis,* Iowa, 195 N.W.2d 677, 678. We find no abuse.

We find no basis for granting defendant-appellant's request for a remand.

AFFIRMED.