STATE of Iowa, Plaintiff-Appellee,

v.

Berton Allen DeWITT,
Defendant-Appellant.

No. 87–1183.

Court of Appeals of Iowa.

May 31, 1988.

Charles L. Harrington, Chief Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen and Roxann M. Ryan, Asst. Attys. Gen., and Barbara Edmondson, Asst. Co. Atty., for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

The defendant, Berton Allen DeWitt, was convicted of the crime of possession of a controlled substance (marijuana), in violation of Iowa Code section 204.401(3), after a trial by jury. The defendant was sentenced to pay a fine of $300, a fifteen percent surcharge, plus costs of prosecution. The defendant was also sentenced to a term of imprisonment not to exceed six months, but this was suspended and the defendant was placed on probation.

At the time of sentencing, the defendant was on parole. The trial court made the present sentence consecutive to the sentence he was on parole for. The board opted not to revoke his parole because of the present conviction.

I.

On appeal, defendant makes four contentions, all of which emanate from his claim that he is entitled to resentencing. The defendant first argues that he is entitled to resentencing because the trial court failed to state specific reasons on the record for the sentence imposed. Iowa Rule of Criminal Procedure 22(3)(d) provides that when sentencing a criminal defendant the district court "shall state on the record its reason for selecting the particular sentence" imposed. In this respect, the trial court's statement of reasons must be sufficiently specific to permit the appellate court to discern the reasons for the sentence so that the appellate court can determine whether the trial court abused its discretion in selecting the sentence imposed. *State v. Leudtke*, 279 N.W.2d 7, 8 (Iowa 1979) (reversed for trial court's failure to state reasons for sentence).

The trial court did state that it had "a policy of sentencing in marijuana cases on previous convictions of the same offense." The trial court then asked whether defendant had ever been convicted of possession of marijuana. Defendant replied that he had. (The defendant in 1973 had been convicted of possession of marijuana.) The trial court proceeded to sentence defendant to pay a $300 fine plus a fifteen percent surcharge and court costs and then committed defendant to the custody of the Director of Adult Corrections for a period not to exceed six months. The trial judge, after questioning defendant about his parole status, suspended the sentence of imprisonment and placed defendant on probation. The court specifically stated that it granted defendant probation because he had a record of relatively good behavior while on probation or parole. The trial court further reasoned that defendant did not do "too bad" while on probation or parole so long as defendant abstained from alcohol and drugs.

It is clear to us that the trial court took into consideration the defendant's criminal history, his parolee status, and his history of relatively good behavior while on probation or parole prior to imposing sentence. We find these reasons, among others, to be sufficiently specific to permit our review of the sentence. When we do so, we find no abuse of discretion by the trial court as to this ground of appeal.

II.

Defendant next argues that the trial court failed to exercise individualized sentencing discretion. Defendant bases this argument on the trial court's colloquy with defendant concerning defendant's past drug conviction in which the trial court stated that it had a policy of sentencing

defendants who had been convicted of prior marijuana offenses.

■ Iowa Code section 901.5 (1987) provides that in determining sentences, the trial court shall determine which sentence or combination of sentences "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." The trial court may not base its sentencing decision solely on one factor, including the nature of the offense. *State v. Wagner*, 359 N.W.2d 487, 490 (Iowa 1984). It must exercise an individualized sentencing discretion. *Id.* at 490. A trial court's sentencing decision can be reviewed only on the basis of all of the trial court's expressed reasons for selecting the sentence imposed and not on the basis of one comment. *Id.* at 490. It goes without saying that a trial court may consider a defendant's past record and the seriousness of the offense in selecting a sentence. *State v. Summers*, 219 N.W.2d 26, 26–27 (Iowa 1974).

■ We find that the trial court based its sentencing decisions on the nature of the offense, on the fact that this was defendant's second conviction of a drug-related offense, on defendant's criminal history since the first conviction for a drug-related offense, on defendant's parole status, and on defendant's past record of relatively good behavior while on probation or parole. The trial court was in compliance with Iowa Code section 901.5. We conclude the defendant is not entitled to resentencing on the asserted ground that the trial court erred in imposing a predetermined sentence.

### III.

The trial court committed the defendant to the custody of the Director of Adult Corrections for an indeterminate period of "not to exceed six months." The defendant's third argument is that he is entitled to resentencing for under Iowa Code section 903.1, when imprisonment is part of the sentence, it must be for a determinate term. The appellee agrees with the defendant's contention. We disagree.

The appellant and appellee rely on section 903.1 of the Code, which provides that "[w]hen a person is convicted of a simple or serious misdemeanor *and a specific penalty is not provided for*, the court shall determine the sentence, and shall fix the period of confinement or the amount of the fine, if such be the sentence ..." Iowa Code § 903.1 (1987) (emphasis added). The appellant and appellee further rely on *State v. Wilson*, where our supreme court in interpreting section 903.1 concluded that the sentencing court must fix a determinate sentence when sentencing convicted misdemeanants. *State v. Wilson*, 294 N.W.2d 824, 826 (Iowa 1980).

The defendant in *State v. Wilson* was sentenced for the offense of assault with intent to inflict serious injury in violation of Iowa Code section 708.2(1) (1987). The commission of this offense constituted an aggravated misdemeanor. The supreme court held it was error to sentence the defendant to an indeterminate term of not to exceed two years. Sentencing under then section 903.1 had to be for a determinate term. But in *State v. Wilson*, the only penalty provision that applied was section 903.1. There was no other "specific penalty ... provided for."

However, in the case before us the defendant was convicted of the crime of possession of a controlled substance, in violation of Iowa Code section 204.401(3) (1987). Any person who violates subsection 3 of that section is guilty of a serious misdemeanor. *Id.* If the controlled substance is marijuana, as is the case here, "the punishment shall be by imprisonment in the county jail for not more than six months...." *Id.* Thus, in the case before us there is a provision for a specific penalty, i.e., "imprisonment ... for not more than six months." *Id.* The requirement to determine the sentence under 903.1 does not apply here for as the statute reads it only has application when a person is convicted of a simple or serious misdemeanor and a specific penalty is not provided for. Iowa Code § 903.1 (1987). The word "and" as used here must be read in the conjunctive sense.

We conclude that the trial court was correct in sentencing the defendant under section 204.401(3). The requirement under section 903.1 to determine the sentence does not apply under the circumstances of this case.

▮ In passing, we note that *Wilson* no longer applies to convictions for an aggravated misdemeanor when the court imposes a penalty of a sentence for more than one year. This is so for then section 903.1 was amended by H.L. 652, 70th G.A. 1983, Reg. Sess. Amended I.C.A. § 903.1. The principal effect of that amendment is that it requires courts to determine the sentence when a defendant has been convicted of a simple or serious misdemeanor; but when a person has been convicted of an aggravated misdemeanor and the court imposes a sentence of more than one year, then the penalty must be for an indeterminate term of not more than two years. Although subsection 2 of the present section 903.1 does not specifically provide, we conclude that if the defendant is sentenced for an aggravated misdemeanor for a term of one year or less, the court must determine the penalty of the sentence. *See* Yeager & Carlson, Iowa Practice 4, *Criminal Law & Procedure* § 1642 (1979 & Supp.1988).

## IV.

▮ The trial court sentenced defendant to the custody of the Director of Adult Corrections. The defendant's final argument is that he is entitled to resentencing because the trial court was required by Iowa Code section 903.4 to sentence him to "be confined to a place to be furnished by the county" unless the defendant is in the custody of the Director of Adult Corrections. Defendant argues that because he had been released on parole he was no longer in the custody of the Director of Adult Corrections. We disagree.

The defendant relies on Iowa Code section 906.1 (1987) to support his contention that a parolee is not in the custody of the Director of the Iowa Department of Corrections during the period of his parole.

In defining parole, the statute does state that it "is the release of a person who has been committed to the custody of the director of the Iowa Department of Corrections by reason of the person's commission of a public offense...." Iowa Code § 906.1 (1987). However, the "release" that statute speaks of is release from confinement; it does not refer to release from custody from the department. *Id.* When the statute is read in its entirety, it is clear that it manifests an intent that custody is to continue in the department. It cannot go unnoticed that the statute further provides that a parolee "is subject to supervision by the district department of correctional service and on conditions imposed by the district department."

Under Chapter 906, the board of parole determines which persons committed to the custody of the director of the Iowa Department of Corrections are to be released on parole. Iowa Code § 906.3 (1987). A person while on parole is yet under the supervision of the district department of correctional services of the district designated by the board of parole. Iowa Code § 906.5 (1987). In addition, the department of corrections prescribes the regulations for governing persons on parole, *id.*; and in the event there is an alleged parole violation, a county, upon request of the Iowa Department of Corrections, is to provide temporary confinement space if available. Iowa Code § 906.17 (1987).

If there is a parole violation, Chapter 908 prescribes the procedure that is to be followed when action is brought to revoke a parole. Under those circumstances where a parole is revoked, Iowa Code section 908.9 provides that the "violator shall remain in the custody of the Iowa Department of Corrections under the term of the parolee's original commitment." *Id.* The use of the word "remain" makes it clear that while a person is on parole his custody is not relinquished or removed from the department.

We conclude that it is not necessary that a defendant be in the actual custody of the Director of Adult Corrections to activate that part of section 903.4 which brings into play section 901.8. Either actual or constructive custody will suffice.

We find that the defendant remained in the custody of the Director of Adult Corrections while on parole and was properly committed to the custody of the Director of Adult Corrections under Iowa Code section 903.4 (1987). Therefore, defendant is not entitled to resentencing on grounds that he was incorrectly committed to the custody of the Director of Adult Corrections.

AFFIRMED.