# IN THE COURT OF APPEALS OF IOWA

No. 14-0035
Filed September 17, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN R. LAYMAN JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael J.

Schilling, Judge.


        John Layman appeals from his sentence arising from his conviction for

incest.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Lily Dobson, Student Legal Intern, Patrick C. Jackson, County Attorney,

and Jennifer Bailey and Tyron Rogers, Assistant County Attorneys, for appellee.


        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

John Layman appeals from his sentence arising from his conviction for incest, claiming the district court only considered one sentencing factor and therefore abused its discretion.  Because we conclude the court gave appropriate consideration to the relevant sentencing factors, we affirm.

On August 13, 2012, Layman digitally penetrated and had sexual intercourse with his minor child.  The State filed a trial information on January 25, 2013, charging Layman with sexual abuse in the third degree.  Layman pleaded guilty on October 2 to the lesser crime of incest, in violation of Iowa Code section 726.2 (2011), pursuant to a plea agreement.  Under the agreement the State agreed to recommend a five-year suspended sentence with a special sentence under Iowa Code section 903B.2, ten years of sex offender registry, sex offender treatment program, and a fine.  The district court declined to accept the agreement and, at a sentencing hearing on December 30, 2013, sentenced Layman to a term of imprisonment not to exceed five years, in addition to the special sentencing provisions for sex offenders, with specific terms, parole eligibility, as well as a fine.

We review sentencing decisions for an abuse of discretion.  *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003).  An abuse of discretion is only found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable.  *Id.*  "Sentencing decisions are cloaked with a strong presumption in their favor.  A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect

in the sentencing procedure, such as trial court consideration of impermissible

factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

At the sentencing hearing, the district court stated:

> Mr. Layman and counsel, I have considered all of the sentencing provisions provided for by Iowa Code Chapters 901 and 902. In the Court's opinion, the appropriate sentence in this case is a term of confinement. It's the Court's opinion that a term of confinement will provide the maximum opportunity for the defendant's rehabilitation, while at the same time protecting the community from further offenses by the defendant and by others.
>
> In fashioning this sentence, the Court has specifically considered the statements made by the county attorney and by Mr. Carter. I've also considered the recommendation made by the Department of Correctional Services. And notwithstanding the fact that all three of those people or entities have recommended a suspended sentence, this Court believes that a term of confinement is the appropriate sentence, and I've given this a lot of thought.
>
> This is an offense which goes to the very heart of the family. The family is the basic unit of our society. This is a crime that involves abuse of trust, abuse of the family relationship, abuse of the relationship between the father and the daughter.
>
> Notwithstanding the fact that Mr. Layman has virtually no criminal record, the Court believes that a term of confinement is necessary to send a message not only to him but to others predisposed to commit sex acts upon either minors or members of their own family.
>
> This is a [minor]. Mr. Layman, who was born [on ***] '71, which means at the present time he is 42 years of age. He would have been approximately 41 years of age at the time of this offense.
>
> This—in the Court's judgment, this is a serious offense. This offense is—while it's not characterized as an assault, has many of the same characteristics as an assaultive type offense, and the Court believes very strongly after giving this a lot of thought, Mr. Layman, that a term of confinement is appropriate.

We find no abuse of discretion here. Layman is correct in his assertion

that the district court cannot base its sentence on only one factor. *See State v.*

*DeWitt*, 426 N.W.2d 678, 680 (Iowa Ct. App. 1988). However, the court

considered multiple reasons when imposing this sentence, such as Layman's

age, his rehabilitation, the seriousness of the offense, the protection of the community, and the preventative nature of the punishment for others predisposed to commit this type of crime. These are all permissible considerations in the court's careful crafting of the sentence imposed. *See* Iowa Code § 901.5 (2013); *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Consequently, we affirm the district court's sentencing order pursuant to Iowa Rule of Court 21.26(1)(a), (d), and (e).

**AFFIRMED.**