# IN THE COURT OF APPEALS OF IOWA

No. 13-0227
Filed October 1, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MONTE DEAN NEUBAUER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers,

District Associate Judge.


A defendant challenges his place of confinement.  **AFFIRMED.**


Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney

General, Patrick Chambers, County Attorney, and Adria Kester, Assistant County

Attorney, for appellee.


Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

This appeal raises a question concerning the proper place of confinement. The district court sentenced Monte Neubauer to thirty days in the Hamilton County jail following his guilty plea to driving while barred as a habitual offender, in violation of Iowa Code 321.561 (2013). At the time of sentencing, Neubauer was on probation, having received a suspended prison term of two years for an earlier driving while barred conviction.

At the sentencing hearing, Neubauer asked to serve his thirty days in Cerro Gordo County, where he resides. The court denied his request: "You're not doing your jail time in Cerro Gordo. You committed the crime here. You can do the time here." On appeal, Neubauer claims the sentencing court erred in designating the Hamilton County jail as the place of confinement, contending he instead should have been sentenced to confinement in the Cerro Gordo County jail or in the Beje Clark Residential Center in Mason City.

Because the place of confinement is dictated by Iowa Code section 903.4 and the district court followed that provision, we affirm Neubauer's sentence.

Our review is for the correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). We start by examining the language of the statute controlling the place of confinement for misdemeanants; it provides:

> All persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had unless the person is presently committed to the custody of the director of the Iowa department of corrections, in which case the provisions of section 901.8 apply.

Iowa Code § 903.4.

The statute cross references—section 901.8—governs consecutive sentences and states in pertinent part:

> If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence. . . . If the person is presently in the custody of the director of the Iowa department of corrections, the sentence shall be served at the facility or institution in which the person is already confined unless the person is transferred by the director.

On appeal, Neubauer argues that at the time of sentencing on the Hamilton County offense he was "presently in the custody of the director of corrections" because he previously received a two-year suspended sentence. He cites *State v. Patterson*, 586 N.W.2d 83, 84 (Iowa 1998), which held the suspension of misdemeanor sentences did not "alter their general character as sentences of the confinement."

We find *Patterson* distinguishable. The supreme court was considering a different issue: whether consecutive sentences exceeding one year, though suspended, should be ordered to be served—if at all—under the direction of the Iowa Department of Corrections (DOC) rather than in the county jail. *Patterson*, 586 N.W.2d at 84 (concluding the district court must correctly designate the proper place of confinement in the event that probation was revoked). Assuming Neubauer's suspended term retained its character as a sentence of confinement (in the event his probation might be revoked), the question for our purposes is whether he was "presently committed" to the custody of the DOC director when sentenced for driving while barred in Hamilton County. We concluded he was not presently committed to the DOC while on probation.

In reaching this conclusion, we underscore the distinction between probation and parole. Our court has held that under section 903.4, a defendant convicted of a misdemeanor while *on parole* was properly sentenced to a state correctional facility rather than the county jail. *State v. DeWitt*, 426 N.W.2d 678, 681 (Iowa Ct. App. 1988). In *Dewitt* we found it significant that the parole revocation provision at section 908.9 directed a violator to "remain in the custody" of the DOC. *Id.* at 681. "The use of the word 'remain' makes it clear that while a person is on parole his custody is not relinquished or removed from the department." *Id.* By contrast, the probation revocation statute, at section 908.11, does not characterize a violator's custody as remaining with or returning to the DOC; rather that provision gives the court discretion to "require the defendant to serve the sentence imposed." Accordingly, Neubauer was not "presently committed" to DOC custody while *on probation*. *See State v. Wright*, 202 N.W.2d 72, 76 (Iowa 1972) (pointing out "basic difference" between probation and parole is probation relates to judicial action "before the prison door is closed" and parole relates to executive action "after the door has been closed on a convict").

We also reject Neubauer's interpretation of section 903.4—and its cross reference to the provisions of 901.8—because section 901.8 applies only to consecutive sentencing. Neubauer did not receive consecutive sentences in this case. The sentencing court stated: "I will leave it up to the Cerro Gordo County authorities to do what they deem fit with respect to your probation up there."

The court sentenced Neubauer to confinement of less than one year and he was not presently committed to the custody of the DOC. Accordingly, the

plain language of section 903.4 mandated confinement in "a place to be furnished by the county where the conviction was had." The court properly sentenced Neubauer to serve his time in the Hamilton County jail.

**AFFIRMED.**