# IN THE COURT OF APPEALS OF IOWA

No. 23-1300
Filed April 10, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY GEORGE GARNER JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

Judge.

        Anthony Garner Jr. appeals his sentences after pleading guilty to three

criminal charges. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Anthony Garner Jr. appeals his sentences after pleading guilty to three criminal charges.[1] He contends the district court abused its discretion by sentencing him to incarceration rather than suspending his sentences. Because Garner has not shown the sentencing court abused its discretion, we affirm.

The State charged Garner with seven crimes, including two counts of attempted murder, after he shot two people in January 2023. Garner entered written guilty pleas to assault causing serious injury, assault causing bodily injury, and carrying a dangerous weapon while intoxicated, and the State dismissed the remaining charges. At the sentencing hearing, the State recommended consecutive sentences of incarceration while Garner asked the court to suspend his sentences. Instead, the court ordered Garner to serve concurrent sentences for a total term of five years in prison. Garner appeals.

We review Garner's sentences for correction of errors at law. *See Damme*, 944 N.W.2d at 103. Because his sentences fall within the statutory limits, we presume they are valid and will overturn them only if the district court has abused its discretion or relied on inappropriate sentencing factors. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). The sentencing court abuses its discretion if it

> fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

---

[1] Because "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea," *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020), we proceed to the merits.

*State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020) (citation omitted).

Garner contends the court abused its discretion by sentencing him based solely on the nature of his offenses. *See State v. DeWitt*, 426 N.W.2d 678, 680 (Iowa Ct. App. 1988) ("The trial court may not base its sentencing decision solely on one factor, including the nature of the offense."). He also argues that other factors[2] show "probation should have been the appropriate—if not the default—sentence." These factors include the six months he had spent in jail at the time of sentencing, his full-time employment, his education, and having "virtually no criminal history" apart from two ten-year-old convictions for possessing alcohol and marijuana as a minor.

We turn to the reasons the court provided for imposing Garner's sentences. The court began by noting the goals of sentencing are rehabilitation of the defendant and protection of the community. *See* Iowa Code § 901.5 (2023) (stating that the court must consider the sentences authorized by law and select the one that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others"). It determined that Garner's charges "are too serious" for probation, which would not protect the community or rehabilitate Garner. But the court declined to impose consecutive sentences. Instead, it found that concurrent sentences would deter Garner from future criminal activity while inspiring him "to be successful" and "work towards accomplishing [his] life goals." The court noted

---

[2] Although the sentencing court must "consider all the circumstances of a particular case," it need not "specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Garner is young and will remain so when released from prison. It then concluded by observing that although Garner's convictions and sentences are obstacles he must overcome, they are not insurmountable:

> [I]f you make the right decisions there is no reason why you cannot go out there and have some real success with your life. And that's what everybody wants you to do. Nobody wants you to fail at this and nobody wants you to go back to prison. We want you to learn from this experience and put yourself in a position where you do a better job. And granted in the short term, especially when you get out, your life is going to be harder than it needs to be, and it's going to be harder than people that don't have criminal records, but that's because of some poor decisions you made when you committed these offenses. But you can overcome those difficulties and you can go out there and you can be successful.

Garner has not shown the sentencing court abused its discretion by sentencing him to serve concurrent terms of incarceration. The court did not base its sentencing decision solely on the nature of Garner's offenses. Instead, the court considered the nature of his offenses along with other relevant factors and selected sentences it believed would balance the need to rehabilitate Garner while also protecting the community. Because the court exercised its discretion by imposing concurrent sentences of incarceration, we affirm.

**AFFIRMED.**