THE STATE v. HELVIN.

1. **Criminal Law:** PRELIMINARY EXAMINATION: FILING MINUTES WITH CLERK. Section 4289 of the Code does not require the minutes of a preliminary examination to be filed with the clerk of the district court, in a case where the defendant is discharged upon such examination.

2. ———: ROBBERY: COINS: EVIDENCE OF VALUE. Where the indictment alleged the taking of certain gold and silver coins, and the person robbed testified that he was robbed of $245 in gold, mostly in twenty-dollar gold pieces, but partly in five and ten-dollar gold pieces, and of $45 or $50 in silver dollars, *held* that this was sufficient evidence of the genuineness and value of the coins.

3. **Instructions:** REPETITION NOT REQUIRED. It is not error to refuse to give an instruction asked, when the same ground has been fully covered by an instruction given.

4. ———: FULLNESS OF REQUIRED IN CRIMINAL CASE. The instructions in this case being correct so far as they went, and defendant not having asked for fuller instructions, as it does not appear that he was deprived of a fair trial by their brevity, he cannot demand a reversal on account thereof.

5. **Criminal Law:** MEASURE OF PUNISHMENT: REVIEW OF IN SUPREME COURT. A criminal sentence will not be mitigated in this court where no abuse of discretion is shown on the part of the trial court.

*Appeal from Marion District Court.*

TUESDAY, DECEMBER 9.

THE defendant was tried upon a charge of robbery. Ver-
VOL. LXV—19

dict and judgment were rendered against him, and he appeals to this court.

*L. Kinkead*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—I.   The defendant contends that the indictment should have been set aside because not found upon the testimony of witnesses examined before the grand jury, but only upon the minutes of testimony taken upon the preliminary examination, which examination resulted in the defendant's discharge.   The indictment purports to. have been found upon the testimony of witnesses examined before the grand jury, and we have not discovered any sufficient evidence that it was not so found.   Besides, this point does not appear to have been made below, either by motion for a new trial, in arrest of judgment, or otherwise.

II.   It is further objected that the. minutes upon the preliminary examination were not filed with the clerk.   Our

1. CRIMINAL law: preliminary examination: filing minutes with clerk.

attention is called to sections 4289 and 4293 of the Code; but the latter refers to minutes of testimony upon which the indictment is found, and the former to minutes of testimony taken upon the preliminary examination, where the defendant is held to answer.   In this case the defendant, upon such examination, was discharged.

III.   The defendant insists that none of the witnesses examined in behalf of the state upon the trial were examined before the grand jury, and that no notice was given that such witnesses would be called.   But their names are indorsed upon the back of the indictment as those who were examined before the grand jury.

IV.   The robbery is alleged to have consisted in taking from the person of one Wagner certain gold coins and silver,

2. ———: robbery: coins: evidence of value.

coins.   It is insisted that the evidence failed to show that they were genuine, and failed to show their value.   The person robbed testified that he

was robbed of $245 in gold, mostly in twenty-dollar gold pieces, but partly in ten and five-dollar pieces. He also testified that he was robbed of $45 or $50 in silver dollars. In our opinion this is sufficient. The fair meaning of the testimony is that the witness was robbed of gold and silver coins of the denomination and value above mentioned.

V. The defendant complains of the insufficiency of the instructions. He insists that, at most, the evidence established only a probability of guilt, and that the jury should have been instructed "that the evidence should be of that certain character as to prove guilt so clearly and conclusively as to destroy every reasonable theory upon which the defendant could be innocent." The instruction given by the court upon this point is in these words: "Before you will be justified in convicting the defendant, you must be satisfied of his guilt beyond a reasonable doubt." The instruction given is in the unusual form, and, in our opinion, covered the ground fully.

3. INSTRUCTIONS: repetition not required.

VI. The defendant complains of the insufficiency of the instructions in other respects. But we have to say that they seem to be correct as far as they went. If the defendant desired further instructions he should have asked them. It is true, we might reverse in a criminal case for mere failure to instruct, if we should be satisfied that such failure resulted in depriving the defendant of a fair trial. But we are not thus satisfied in this case.

4. ——: fullness of required in criminal case.

VII. The defendant asks us to reduce the judgment on the ground that it is excessive. He was sentenced to the penitentiary for eight years. It is said that the court was influenced by improper considerations, as shown by the language used at the time the sentence was pronounced. As to this we have to say that we have no proper evidence that the court used the language attributed, and no proper evidence that the language was not justified, if used. Besides, the punishment is less

5. CRIMINAL law: measure of punishment: review of in supreme court.

than might have been inflicted, even aside from the consid-
erations from which it is said the court acted. We see no
abuse of discretion, and cannot interfere.

Some other objections were raised in the motion for a new
trial. As to these we must be allowed to say that we have
examined the entire record, and find no error.

AFFIRMED.