STATE OF IOWA, appellee, v. WILLIAM LEO DALTON, appellant.

No. 50618.

(Reported in 116 N.W.2d 451)

JULY 24, 1962.

Holleran, Holleran & Shaw, of Clinton, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and S. W. Rasche, County Attorney, of Clinton, for appellee.

MOORE, J.—On August 11, 1961, a county attorney's information was filed in the Municipal Court of the City of Clinton charging defendant with the crime of operating a motor vehicle

while in an intoxicated condition. Defendant entered a plea of not guilty and trial was set for November 9. On that date, before any juror was sworn, defendant's challenge of the November jury panel was sustained. It was established none of the proper public officers was present when the names were drawn from the jury box. The panel was then excused.

The case came on for trial on December 14 and defendant's challenge to the December jury panel was overruled as was his challenge of each prospective juror who had also been called for the November term. The jury returned a verdict of guilty. Defendant was sentenced to pay a $700 fine and costs. The trial court further ordered that in default of payment of the fine defendant be committed to the county jail at the rate of $6.66⅔ per day. From the sentence and judgment defendant has appealed.

I.   Defendant first contends the trial court erred in overruling the challenge to the December jury panel and to each of its 17 members who were on the November jury panel. It appears the clerk of the municipal court, after the November jury panel had been excused, deposited the slips containing the names of the prospective jurors back in the jury box and when the December panel was drawn 17 were again drawn. Defendant argues the clerk violated the provisions of section 602.38, Code, 1958; the panel was illegally constituted; the 17 prospective jurors were ineligible to serve.

Section 602.38 provides: "Jurors to serve one month—exemptions. The clerk of the court shall, at the end of each month, check off the jury list the names of all jurors who have served during that month, and such names shall not be again deposited in the jury box until after a new jury list has been prepared, but the names of those who have been drawn and excused from service shall be again deposited therein. * * *."

The question is whether the 17 prospective jurors "served" during the November term. Such a question has not been heretofore decided by this court but similar questions have been decided in other jurisdictions.

In Waite v. People, 83 Colo. 162, 165, 262 P. 1009, 1010, three jurors on the current panel had been called for service at a prior term and were challenged. The court said:

"Our statute expressly makes a distinction between a person 'summoned in any way to serve as a juror,' and one who 'shall have served as a juror.' The juror may be summoned to serve, but he may not actually serve, i.e., may not actually sit in the trial of any case, and unless he has actually done so, he has not served. The challenges were properly .overruled."

In State v. Lowe, 56 Kan. 594, 597, 44 P. 20, 21, jurors were challenged because they had been called on a prior panel but had not been called to try a case. That court said, "This is not sufficient to disqualify them under the law. To afford a sufficient ground of challenge they must have actually served as jurors—must have sat as such in the trial of a case."

In 50 C. J. S., Juries, section 150, page 872, in discussing statutes relating to disqualification of jurors by prior service, it is stated:

"It is only actual prior service which disqualifies a juror under the operation of these statutes. The juror must have actually sat in the trial of a case, and not merely have been summoned."

See also State v. Allison, 122 Mont. 120, 199 P.2d 279; State v. Rose, 271 Mo. 17, 195 S.W. 1013; Burnett v. Roanoke Mills Co., 152 N. C. 35, 67 S.E. 30.

■■■  A study of section 602.38 and the authorities above cited compels our holding it is only actual prior service which disqualifies a juror under that section. The juror must have actually sat in the trial of a case and not merely have been summoned for jury service. The trial court properly overruled the challenges.

■ II. Defendant next complains of the trial court's refusal to permit his attorney to explain the challenge to the prospective jurors. The challenge and ruling were made out of the jury's presence. When defendant's counsel stated he would like to explain his challenge to the jury the court replied there was no reason why the jury should know anything about it. No ruling prevented counsel from asking questions of any juror concerning bias or prejudice.

■ The extent of counsel's voir dire examination of jurors is within the trial court's discretion. Kiesau v. Vangen, 226

Iowa 824, 285 N.W. 181; Hawkins v. Burton, 225 Iowa 707, 281 N.W. 342; Kaufman v. Borg, 214 Iowa 293, 295, 296, 242 N.W. 104; Raines v. Wilson, 213 Iowa 1251, 239 N.W. 36; State v. Heft, 155 Iowa 21, 134 N.W. 950; 24A C. J. S., Criminal Law, section 1867.

In the Kaufman case we said:

"The matter of the latitude that shall be allowed in the examination of jurors upon voir dire necessarily and properly rests very largely in the discretion of the trial court. Improper matters should not be inquired into and the examination should in no way be permitted to be utilized for the purpose of attempting to inject prejudicial matter improperly into the minds of the jury. Questions of procedure of this character are especially within the discretion of the trial court and in the case at bar we are satisfied from an examination of the record that no prejudicial error was committed."

The interpretation of section 602.38 involved a question of law for the court. The trial court did not abuse its discretion in refusing to permit counsel to explain the challenge and ruling to the jurors.

III. Defendant also contends the trial court abused its discretion in determining the penalty and that the fine of $700 was excessive. Among other remarks made by the court at the time of sentence, the trial court said he had studied the case and there was considerable aggravation involved. The court also stated defendant's attorney knew the grounds of challenge the day before it was asserted and could have saved an expense of $170; that the jury expense was $170; that a court reporter costs $22.50 per day plus the county attorney's time; that only a small part of the actual expenses were taxable in the case; and that a precedent was being set for future cases, but each case has different circumstances. The trial court also remarked he was not penalizing defendant for exercising his right to a trial by jury; that a defendant who threw himself on the mercy of the court and without expense to the county should be given consideration; and it was customary in such drunken driving cases to levy a $300 fine upon a plea of guilty.

Section 321.281, Code, 1958, provides: "Whoever, while in an intoxicated condition * * *, operates a motor vehicle upon the public highways of this state, shall, upon conviction or a plea of guilty, be punished, for the first offense by a fine of not less than three hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for a period of not to exceed one year, or by both such fine and imprisonment; * * *.

"The court in pronouncing sentence may provide as to the period during which a new license to operate a motor vehicle shall not be issued to the defendant, provided said period shall be not less than sixty days nor more than one year from the date of revocation; * * *."

██ The statute places discretion in the trial court as to the penalty to be imposed and the period of license restriction. The sentence imposed by the trial court provided the minimum of 60 days during which an operator's license could not be granted the defendant.

The trial court had the right, within the limits provided by statute, to fix such punishment as it thought defendant deserved, and with its discretion in this regard we do not ordinarily interfere. State v. Small, 233 Iowa 1280, 11 N.W.2d 377; State v. Nolta, 205 Iowa 595, 218 N.W. 144; State v. Jenkins, 203 Iowa 251, 212 N.W. 475; State v. McMahon, 211 N.W. 409 (Iowa); State v. Fairweather, 195 Iowa 437, 192 N.W. 266; State v. Wyckoff, 107 N.W. 420 (Iowa).

In exercising that discretion it was the duty of the trial court to ascertain any and all facts that would assist it in the proper exercise of its discretion, whether it be in or out of the record. State v. Myers, 241 Iowa 670, 42 N.W.2d 79. 24B C. J. S., Criminal Law, section 1980, sets out in detail the many matters properly to be considered in determining penalty and at page 566 states:

"Effect of plea of guilty. Unless otherwise provided for by statute, the confession of the offense charged subjects accused to the same punishment as if he were tried and found guilty by verdict. However, where the court has discretion in imposing punishment, it may take into consideration the fact that accused has pleaded guilty.

"Persons aware of their guilt, but who nevertheless contumaciously stand out on a plea of not guilty, are entitled to much less consideration than those who candidly acknowledge guilt and throw themselves on the mercy of the court. It has been held, however, that a person may not be punished more severely because he has, in good faith, defended himself when charged with crime, even though his effort proves unsuccessful. Accordingly, where the defense was not frivolous and was not presented in bad faith, the fact that defendant asked for a trial may not justify imposition of a harsher sentence on him than on other defendants who had pleaded guilty."

We do not approve any attempt to punish a defendant who in good faith defends himself when charged with a crime. We disapprove any consideration of actual costs of trial where a defendant in good faith stands trial. Apparently the trial court was of the opinion defendant had not acted in good faith in standing on his plea of not guilty or perhaps felt perjured testimony had been produced by defendant. We approved such consideration in State v. Walters, 178 Iowa 1108, 160 N.W. 821.

In State v. Helvin, 65 Iowa 289, 291, 21 N.W. 645, 646, in considering a similar problem we said:

"It is said that the court was influenced by improper considerations, as shown by the language used at the time the sentence was pronounced. As to this we have to say that we have no proper evidence that the court used the language attributed, and no proper evidence that the language was not justified, if used. Besides, the punishment is less than might have been inflicted, even aside from the considerations from which it is said the court acted. We see no abuse of discretion, and cannot interfere."

Some of the remarks of the trial court are not to be commended but are not such as to establish prejudicial abuse of discretion.

IV. Defendant claims the sentence was excessive. He states his offense was not aggravated as he only failed to stop at a stop sign. In State v. Giles, 200 Iowa 1232, 1233, 206 N.W. 133, 134, 42 A. L. R. 1496, defendant was convicted of operating a motor vehicle while intoxicated. In that case we said:

"Granted, therefore, that the circumstances attending this particular offense were not aggravating, in the sense in which the term is used in relation to public offenses, yet the fact remains that the nature of the offense itself is such that aggravation inheres in it. The peril threatened by such an offense is so great and so imminent that only severe punishment can be deemed adequate to restrain it. Appellant presents his case as though he had been sentenced to a fixed term of one year in the penitentiary. If that were so, we should deem it too severe. But such was not the judgment. The court imposed upon the defendant an indeterminate sentence, under the statute, not to exceed one year in the penitentiary. The only discretion the court had was to choose between a penitentiary sentence, on the one hand, and a fine and imprisonment in the county jail, on the other. Having fixed upon a penitentiary sentence, the court had no power, under the statute, to fix any term other than an indeterminate one. We think the penitentiary sentence was proper."

In State v. Webb, 202 Iowa 633, 637, 210 N.W. 751, 752, 49 A. L. R. 1389, we said: "There is probably no greater danger to the traveling public today than that of an intoxicated man, driving a car."

In State v. Sampson, 248 Iowa 458, 465, 79 N.W.2d 210, 214, we said:

"It is a matter of common knowledge, and we can take judicial notice of the fact, that in the last ten years there has been a decided increase in intoxicated driver cases, many of which have resulted in serious personal injuries or death. The excessive use of intoxicating liquor now causes one out of four highway deaths."

We are not disposed to hold this fine excessive.

We have examined the entire record and find no reversible error.—Affirmed.

All JUSTICES concur.