**STATE of Iowa, Appellee,**

v.

**Christine COOPER and Mary Francis Gordon, Appellants.**

Nos. 53118, 53128.

Supreme Court of Iowa.

Oct. 15, 1968.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Clayton L. Wornson, County Atty., for appellee.

Edward M. Genson, and Richard Martin, Chicago, Ill., for appellants.

LARSON, Justice.

The defendants, Christine Cooper and Mary Francis Gordon, were convicted on their separate pleas of guilty of the crime of larceny in violation of section 709.1 of the 1966 Code of Iowa. Their cases are consolidated for our consideration.

In their appeals from final judgment appellants assign as reversible error (1) inadequate representation from court-appointed counsel, (2) the trial court's acceptance of their pleas of guilty without advising them of their right to the exclusion of any illegally-seized evidence, (3) the trial court's consideration of presentence investigation reports containing previous criminal offenses, and (4) the excessiveness of the sentences. We find no merit in these contentions.

From the record we find a county attorney's information was filed on December 20, 1967, charging defendants with larceny in Cerro Gordo County on or about December 14, 1967, of certain goods and chattels, to wit: A black silk dress and jacket, the property of Bergo's Store in Mason City, of the value of more than twenty dollars ($20.00). On December 15, 1967, the court appointed counsel to represent these defendants and, subsequent to their consultation with him, they were arraigned on December 21, 1967. Defendant Gordon, through her attorney, waived formal arraignment and requested that her plea of guilty be entered at that time. The court stated it would not then permit the entry of a plea unless it was a plea of not guilty. No plea was entered at that time and December 26th was set as the time for entering a formal plea. Defendant Cooper was arraigned on the same day, and the time for entry of her

plea was also set for December 26, 1967. At their arraignment the court asked defendants whether they had been satisfied with the services of their counsel to that date. Each said "Yes."

On December 26, 1967, the court questioned each defendant extensively concerning the entry of a guilty plea and inquired into their understanding of the possible penalty and their right to a jury trial. The court questioned them about threats or promises that might have been made to them to induce a guilty plea. Each said none were made to them. Thereafter defendants admitted their guilt in open court and acknowledged that they understood a guilty plea must be voluntarily entered.

The court accepted the guilty pleas and ordered presentence investigations of these defendants.

On December 28, 1967, after consideration of the presentence investigations and the county attorney's recommendations, the court sentenced each defendant to a term not to exceed five (5) years in the Women's Reformatory at Rockwell City, Iowa.

I. Appellants contend that they received such inadequate representation as to be violative of their rights set forth in the fifth and sixth amendments to the United States Constitution.

■ Defendants' contention of inadequacy of counsel has recently been considered by us. In Parrott v. Haugh, Iowa, 158 N.W.2d 766, 771, we pointed out it is only where what was or was not done by the attorney for his client made the proceedings a farce and a mockery of justice, shocking the conscience of the court, that a charge of inadequate legal representation will prevail, citing Ashby v. Haugh, 260 Iowa 1047, 152 N.W.2d 228, 233, cert. den. January 15, 1968, 389 U.S. 1056, 88 S.Ct. 809, 19 L.Ed.2d 855; State v. Wesson, 260 Iowa 331, 149 N.W.2d 190, 195; Scalf v. Bennett, 260 Iowa 393, 147 N.W.2d 860, 864.

■ Of course, the burden of proof is on one making the claim to establish that his counsel was ineffective. Defendants here assert three instances to support their contention. They complain first because their counsel did not file a motion to suppress certain evidence obtained by a search and seizure. It is by no means clear from this record that such a motion would have been sustained. In any event, the likelihood that a given motion or trial tactic might have been successful and ultimately permit the defendants to escape punishment is not the test. Judge Burger stated in Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 709:

"[T]here was much counsel might have done, appellant now tells us. Counsel might have argued the illegality of the arrest and might have moved to suppress evidence obtained by illegal search and seizure, and illegal confessions. We agree that counsel might have done these things, and perhaps, guided by hindsight, other things; but we do not agree that failure to do so was such ineffective assistence of counsel as to warrant a new trial. * * * It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. While the accused may have to take the consequences of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown."

■ The record is clear that the pleas in the instant case were voluntarily and understandingly made. The careful and learned trial court made sure of that. In

response to the court's inquiry as to whether Miss Cooper was ready to enter a plea on December 26th, counsel stated "She is." The court then advised her that the January jury would soon be called and that "you have a right to a jury trial." To the question, "do you understand?" she replied "Yes." The court then said, "Do you further understand that the Court will not accept any plea unless voluntarily entered?" and she answered "I do." To the question, "What is your plea?" she replied "Guilty" and said she understand she "could get from one to five or a thousand dollar fine" or both, and that no one had made promises or threats in regard to the matter to induce a plea. Mary Francis Gordon responded similarly, and the court then accepted the guilty pleas.

■ We conclude that counsel's failure to move to suppress evidence did not result in making these proceedings a farce and a mockery of justice, shocking the conscience of the court, and is not sufficient to show inadequate counsel representation.

■ However, appellants assert that counsel improperly "rushed a plea of guilty." The record discloses eleven days elapsed between the time counsel was appointed and the guilty pleas were entered. Five days elapsed between the arraignment and the entry of the guilty pleas. There is nothing in this record to indicate that defendants' counsel was not carrying out the defendants' wishes when he first sought to enter these guilty pleas. On the other hand, it appears counsel sought and did succeed in persuading the prosecutor to make a recommendation of a $1,000 fine rather than imprisonment. Under the revealed circumstances it is not unlikely that counsel was conscientiously carrying out the defendants' wishes, i.e., to quickly dispose of this charge by a plea and a fine rather than take a chance on a probable prison sentence.

We conclude defendants have failed to prove the conduct of counsel was wrong, and are satisfied the acknowledgment of

satisfactory services of counsel given the court by defendants was providently made.

Lastly, counsel gave timely notice of appeal in each case and preserved the defendants' rights, which were presented by other personally-retained counsel in this appeal.

We are satisfied appellants failed to show such ineffective assistance of counsel as to warrant our granting them new trials.

■ II. Appellants further contend that the trial court erred in accepting the defendants' pleas of guilty without advising each of her right to the exclusion of illegally-seized evidence. The law does not impose such a duty upon the court. We stated in State v. Rife, 260 Iowa 598, 149 N.W.2d 846, 848, that the better procedure in accepting a plea of guilty, as found in Rule 11, Federal Rules of Criminal Procedure, is that courts should not accept a plea of guilty without first determining that it is made voluntarily and with an understanding of the charge and possible penalty involved. There is no requirement that the court advise a defendant as to possible procedure or pass upon the admissibility of evidence prior to challenge. The trial court committed no error in failing to advise defendants of their right to suppress evidence which may have been illegally seized.

■ III. Appellants next contend the court erroneously relied upon a presentence investigation report and wrongfully based the excessive sentences imposed thereon. We do not agree. Recently we had occasion to deal with this issue at length in State v. Delano, a decision filed September 5, 1968. There we distinguished the need for different evidentiary rules governing trial and sentencing procedures and held that a presentence report may be properly used by the court to fairly fix the punishment within statutory limits after guilt had been established. Also see State v. Cupples, 260 Iowa 1192, 152 N.W.2d 277, 280. In Cupples, defendant and his attorney had knowledge of the contents of the presen-

tence report. Here each appellant and her counsel had received a copy of her report. Much of the information in the reports, especially regarding prior convictions, was verified by them in open court. Miss Cooper, when interrogated by the court as to prior convictions, admitted the report was correct. Mary Francis Gordon refuted one prior conviction contained in the report but admitted others were true. On the other hand, defendants' counsel, in asking the court to show leniency, referred to the background of the defendants as shown by the presentence investigation. We assume, in the absence of evidence to the contrary, that the court made proper use of the reports. We find no such evidence.

IV. Finally, appellants contend the court abused its discretion by imposing a sentence which was beyond that warranted by the facts and circumstances. We cannot agree.

We have consistently held that where the judgment imposed does not exceed the statutory maximum, it is only where an abuse of the trial court's discretion is shown that we will interfere. We said in State v. Cupples, supra, 260 Iowa 1192, 152 N.W.2d 277, 280:

"It was the duty of the trial court to ascertain any and all facts that would assist in the proper exercise of its discretion in fixing defendant's sentence, whether in or out of the record. State v. Myers, 241 Iowa 670, 672, 42 N.W.2d 79, 80; State v. Dalton, 254 Iowa 96, 101, 116 N.W.2d 451, 454.

"The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. 24B C.J.S. Criminal Law § 1980."

It is, of course, our duty to carefully consider whether the punishment imposed is too severe. Code section 793.18. We have examined the entire record, considered the nature of the offense, the attending circumstances, the defendants' ages, character and propensities and chances of reform. We are satisfied the trial court did not abuse its discretion in sentencing defendants and must, therefore, affirm those judgments.

Affirmed on both appeals.

All Justices concur except MASON, J., who takes no part.