STATE of Iowa, Appellee,

v.

Ronald Marvin KENDALL, Appellant.

No. 52762.

Supreme Court of Iowa.

May 6, 1969.

**910**

McCracken & Carlin, Davenport, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

RAWLINGS, Justice.

Charged by county attorney's information with aggravated burglary, section 708.-2, Code, 1966, defendant entered a not guilty plea. From judgment of conviction based on jury verdict he appeals. We affirm.

The record discloses defendant, armed with a gun, broke and entered the home of Mrs. Carol Groth, took $5 from a purse, and attempted to rape her. At trial she identified defendant as the assailant. Testimony was also introduced regarding a revolver found at defendant's home, and shoes fitting imprints in the ground outside a bedroom window of the victim's home.

Defendant's court appointed trial attorney filed notice of appeal, but later permissively withdrew upon his representation it was frivolous and without merit. Present counsel was then appointed by us to represent defendant in this appellate proceeding. Defendant here contends, he was denied a fair and impartial trial due to lack of effective counsel, and the life imprisonment sentence is excessive.

I. Dealing with the matter of effective counsel, in Scalf v. Bennett, Iowa, 147 N.W.2d 860, 864, we said: "Appellant was entitled to effective assistance of counsel and to receive a fair trial. This is assured under the provisions of the 6th Amendment, section 1 of the 14th Amendment to the Constitution of the United States, and Article 1, sections 9 and 10 of the Constitution of Iowa. This principle has been approved numerous times both in federal and our decisions. We cite only a few. Powell v. State of Alabama, 287 U. S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; State v. Karston, 247 Iowa 32, 36, 72 N.W.2d 463, 465, 466; State v. Myers, 248 Iowa 44, 48, 79 N.W.2d 382, 385; State v. Lowder, 256 Iowa 853, 859, 860, 129 N.W.2d 11, 15.

" 'Effective' does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him. (Authorities cited.)

"Improvident strategy, bad tactics, mistaken carelessness or inexperience do not necessarily amount to ineffective assistance of counsel. Only in extreme cases where it is shown the trial as a whole was a farce and a mockery of justice will a conviction be set aside because of inadequacy of counsel. (Authorities cited.)

"In Birk v. Bennett, supra, 258 Iowa 1016, 141 N.W.2d 576, 578, we quote this from Scott v. United States, 6 Cir., 334 F. 2d 72, 73, certiorari denied 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48: 'Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail.'

"It is presumed that a court-appointed counsel for an indigent defendant acts properly. Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857; Tibbett v. Hand, 10 Cir., 294 F.2d 68; Kilgore v. United States, 8 Cir., 323 F.2d 369.

*"The burden of proof was on appellant to establish his counsel was ineffective and he did not have a fair trial.* State v. Benson, 247 Iowa 406, 410, 72 N.W.2d 438, 440; State v. Myers, 248 Iowa 44, 48, 79 N.W.2d 382, 385; Birk v. Bennett, 258 Iowa 1016, 141 N.W.2d 576, 578." (Emphasis supplied.) See however, Slater v. Warden, Maryland Penitentiary, 241 Md. 668, 217 A.2d 344, 346, and Galloway v. Warden, Maryland Penitentiary, 2 Md. App. 467, 235 A.2d 309, 310.

Defendant attempts to support his inadequate counsel stand by pointing to numerous possible claimed erroneous trial tactics and procedures.

Significantly, though not necessarily determinative, these asserted errors or omissions are for the most part stated generally or in the abstract. Nowhere does he show any omitted motions or objections to testimony, requests for instructions or exceptions to those given, if made, asserted or exercised, would have been sustained, and if overruled would constitute reversible error. Neither does he specify, even generally, wherein any act or omission on the part of his appointed attorney would have affected the result.

■ Certainly allegations of inadequate representation by counsel, such as to be constitutionally deficient or to deprive an accused of a fair trial, must be supported by more than speculative, generalized argument. See Scalf v. Bennett, supra, loc. cit., 147 N.W.2d 864; State v. Waldron, 273 Minn. 57, 139 N.W.2d 785, 795; and 21 Am.Jur.2d, Criminal Law, section 315, page 342, 343.

■ It may, of course, be conceded some other attorney might have been more vigorous or employed different and more effective trial tactics, but that alone is not an adequate basis upon which to hold representation by the attorney here serving was so inadequate as to warrant a reversal.

■ We have reviewed the trial transcript certified to us on this appeal and now hold it fails to disclose defendant was denied a fair and impartial trial by reason of incompetency of counsel.

II. As aforesaid, it is also contended the life imprisonment sentence is excessive.

To the extent here relevant section 708.2, Code, 1966, provides in substance, if any person, in committing a burglary, enters a dwelling while armed or assaults any person therein, he shall be imprisoned in the penitentiary for life or any term of years.

■ Confronted with the matter of claimed excessive sentence this court said in State v. Cooper, Iowa, 161 N.W.2d 728, 732: "We have consistently held that where the judgment imposed does not exceed the statutory maximum, it is only where an abuse of the trial court's discretion is shown that we will interfere. We said in State v. Cupples, supra, 260 Iowa 1192, 152 N.W.2d 277, 280:

■ " 'It was the duty of the trial court to ascertain any and all facts that would assist in the proper exercise of its discretion in fixing defendant's sentence, whether in or out of the record. State v. Myers, 241 Iowa 670, 672, 42 N.W.2d 79, 80; State v. Dalton, 254 Iowa 96, 101, 116 N. W.2d 451, 454.

■ " 'The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. 24B C.J.S. Criminal Law § 1980.' "

■ As required by Code section 793.-18, claimed severity of the sentence here imposed has been carefully considered in light of the standards set forth above. Resultantly we conclude there was no abuse

of discretion by trial court in sentencing this defendant to imprisonment for life.

Affirmed.

All Justices concur, except LeGRAND, J., who takes no part.