**The STATE of Iowa, Appellee,**

v.

**Richard James HELTER, Appellant.**

**No. 53641.**

Supreme Court of Iowa.

Sept. 2, 1970.

**372**

Warren L. DeVries, Mason City, for appellant.

Richard C. Turner, Atty. Gen., Roxanne Conlin, Asst. Atty. Gen., and Clayton L. Wornson, County Atty., for appellee.

MOORE, Chief Justice.

On January 8, 1969 defendant, Richard James Helter, age 27, was charged by counity attorney's information with the crime of obtaining money by false pretences, contrary to section 713.1, Code, 1966. At the request of his court appointed attorney arraignment was postponed and a qualified psychiatrist was appointed to examine defendant. The doctor's findings disclosed no serious mental deficiency.

On arraignment February 4, 1969 defendant by his attorney and in person entered a plea of guilty to the charge. After careful and extensive questioning of defendant the trial court accepted and entered the guilty plea. Time for sentence was set for February 14 and a presentence investigation ordered.

The comprehensive presentence report included defendant's past arrest record from 1958 through 1968 consisting of 18 arrests and convictions in four states which defendant did not deny but attempted to explain by his testimony on February 14 and 17. Two charges against defendant were pending in Nebraska. Thereafter defendant in person and by his attorney stated no reason was known why sentence should not be pronounced. On February 17, 1969 defendant was sentenced to serve a term not to exceed seven years in the Iowa State Penitentiary at Fort Madison and was duly advised by the court of his appeal rights.

After being incarcerated for some time defendant requested appointment of an appeal attorney. The court then appointed defendant's present attorney and this appeal was taken.

As stated in defendant's brief there is little in the record on which to base the appeal.

I. The thrust of defendant's contentions is that he was misled by a promise of his attorney in the lower court he would be given a parole. This contention is first raised on appeal and is unsupported by the record. The trial court's examination of

defendant when the guilty plea was entered includes:

"The Court: Is the Court to understand that your counsel has done everything that you expected?

"Mr. Helter: Yes, sir.

"The Court: What do you understand to be the possible penalty in the event your plea of guilty is accepted?

"Mr. Helter: Five hundred dollar fine, year in the county jail or not more than seven years in the penitentiary.

"The Court: Has anyone told you what the sentence might be?

"Mr. Helter: No, sir.

"The Court: Has anyone made any promises to you?

"Mr. Helter: No, sir.

"The Court: Has anyone threatened you in the event that you did not plead guilty?

"Mr. Helter: No, sir.

"The Court: You understand that the Court will not accept a plea of guilty unless it is entered voluntarily?

"Mr. Helter: Yes.

"The Court: You know that a jury is available next week?

"Mr. Helter: Yes, sir.

"The Court: Does the Court understand correctly that you are entering a plea of guilty because you feel that you are in fact guilty?

"Mr. Helter: Yes, sir."

■ The guidelines for the lower court's procedure in considering a plea of guilty are now well established. A plea of guilty to a criminal charge should not be accepted by the court without first determining such a plea is. voluntarily and intelligently made. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785. To determine those facts the court should address defendant personally to determine he understands the nature of the charge and the possible sentence that could be imposed, that his plea has not been induced by a promise or threat and by the plea he waives his right to a trial by jury. State v. Lindsey, Iowa, 171 N.W.2d 859, 866, and citations.

The record shows the trial court carefully met and complied with each of the above requirements. The record is sufficient to disclose defendant's guilt.

■ II. Apparently after arriving at the penitentiary defendant decided he should have received a lighter sentence. A disappointed expectation of leniency, however, is not sufficient cause to vitiate a plea of guilty. State v. Whitehead, Iowa, 163 N.W.2d 899, 902, and citations.

■ III. The possible penalty to which defendant referred in the trial court is that fixed by Code section 713.1 under which he was charged. We have consistently held that where the judgment imposed does not exceed the statutory maximum, it is only where an abuse of the trial court's discretion is shown that we will interfere. State v. Kendall, Iowa, 167 N.W.2d 909, 911, and citations. We find no such abuse here.

As required by Code section 793.18, we have examined the record without regard to technical errors or defects and find no reversible error. We affirm the judgment of the trial court.

Affirmed.

All Justices concur except MASON, J., who takes no part.