**STATE of Iowa, Appellee,**

v.

**Charles SCHOELERMAN, Appellant.**

**No. 54545.**

Supreme Court of Iowa.

Sept. 9, 1971.

———◆———

Mossman & Grote, Vinton, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Boyd J. Milroy, County Atty., for appellee.

BECKER, Justice.

Defendant was charged by county attorney's information with the crime of carrying a concealed weapon. He appeared at arraignment with court appointed counsel and after extensive interrogation by the court, entered a plea of guilty. He now appeals claiming he was represented by incompetent counsel, the plea was based on a coerced written consent to search the car in which the gun was found, and the court failed to ascertain whether the facts of the case came within the statutory exceptions.

Defendant was on parole at the time of his arrest. Recommendation for revocation of parole had been made sometime previous to the sheriff receiving a report that defendant was "flashing a gun around". The sheriff contacted defendant, asked for and received a written consent to search defendant's car, made the search and found the gun on the front seat of the car under a jacket. The holster for the gun was in the back seat.

I. We have examined the transcript, record and brief in this case with care. All errors relied upon by defendant are fully covered in our recent decisions. We find no error. State v. Cooper, 161 N.W.2d 728 (Iowa 1968), competency of counsel; State v. Jackson, 173 N.W.2d 567 (Iowa 1970), waiver of evidentiary objections by guilty plea; State v. Helter, 179 N.W.2d 371 (Iowa 1970), knowing and voluntary nature of plea.—Affirmed.

All Justices concur.