**STATE of Iowa, Appellee,**

v.

**Jerry Eugene BANKS, Appellant.**

**No. 1–56084.**

Supreme Court of Iowa.

Dec. 19, 1973.

William B. Perry, Storm Lake, and James W. Gailey, Newell, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Darby Coriden, and Ira Skinner, Asst. Attys. Gen., Daniel T. Flores, County Atty., and Emery H. Emerson, Jr., Storm Lake, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

RAWLINGS, Justice.

By county attorney's information Jerry Eugene Banks was charged with the crime of rape. Trial jury found defendant guilty of assault with intent to commit rape. From judgment entered thereon, defendant appeals. We affirm.

There is relatively little conflict in the testimony regarding events which attended the instantly involved occurrence.

About 10:00 p.m., September 29, 1972, Banks went to the home of Susan Hemmingsen in Storm Lake. Susan responded to a knock on the door. When she started to close it Banks grabbed her arm and forced her back into the house. Prosecu-

trix there started to seat herself or was pushed into a chair by defendant.

In any event Banks pulled Susan out of the chair and in so doing tore all the buttons off her blouse. She was then pushed to the floor and her pants were pulled down. Banks thereupon went to the door but returned immediately and upon his insistence Susan assisted him in effecting copulation. At some stage of the events Susan started screaming and Banks admits he told her to shut up or he would "bust her". Susan testified to the effect defendant at the time threatened to break her neck.

Banks never displayed any gun or knife. Susan's testimony reveals, however, she at all times feared for her own life and the safety of an 18 month old daughter in the house, so made no effort to escape and purposely did nothing to anger defendant.

Banks left after having accomplished his purpose and Susan at once called the police.

At time of the alleged offense defendant was 16, his weight being 140 pounds, and prosecutrix was 26, her weight being 150 pounds.

Errors relied on for a reversal are (1) the State failed to prove beyond a reasonable doubt the essential elements of rape or assault with intent to rape; (2) trial court erred in failing to set aside the verdict finding defendant guilty of the included offense when intercourse had unquestionably occurred; and (3) the imposed sentence of 20 years imprisonment is excessive.

These assignments will not necessarily be considered in the order presented.

I. As aforesaid Banks here claims his motion to set aside the verdict should have been sustained because the State did not establish beyond a reasonable doubt (1) force by defendant, (2) resistance by prosecutrix, and (3) any such threat or show of force by accused as to reasonably over-

come resistance on the part of prosecutrix or which put her in fear.

■ It is at the outset understood we view the evidence in that light most favorable to the State. See State v. Reeves, 209 N.W.2d 18, 21 (Iowa 1973).

■ The prosecution must, however, prove all essentials of the crime charged and any included offenses. See State v. Williams, 179 N.W.2d 756, 758 (Iowa 1970).

■ As to rape the elements here required to be thus established were defendant's carnal knowledge of Susan by force or against her will. See The Code 1971, Section 698.1; State v. Keturokis, 224 Iowa 491, 495, 276 N.W. 600 (1937); 65 Am.Jur.2d, Rape, §§ 2–7, 10–11; 75 C.J.S. Rape §§ 8–12.

■ By the same token all elements essential to proof of rape, save and except carnal knowledge, must be established by the requisite degree of proof in order to create a jury issue as to assault with intent to commit rape. See 65 Am.Jur.2d Rape, §§ 20–22; 75 C.J.S. Rape §§ 20(b), 24, 25(b), 26–27.

Repetition of the evidence will serve no useful purpose. In brief it reveals defendant forcibly pushed prosecutrix about 12 feet from the door into her home, tore the buttons off her blouse, threw her to the floor, pulled her pants down, and she was at all times in fear of harm to herself and her infant daughter. This element of actual fear is substantiated by Banks' admission that he threatened to physically harm Susan if she did not stop screaming. Adequate force on the part of defendant and absence of consent by prosecutrix are also clearly disclosed.

■ Thus a fact issue regarding assault to commit rape was clearly created. This also means the verdict returned finds ample support in the record.

II. The next question posed is whether defendant's motion to set aside the verdict should have been sustained.

In so moving defendant again supportively urged, the verdict was negated by absence of a requisite showing of force on his part, resistance by prosecutrix, and such threats or conduct by him as to overcome resistance by prosecutrix.

On appeal, however, defendant asserts the verdict finding him guilty of assault to rape cannot stand because actual intercourse unquestionably occurred.

■ At the threshold it appears this issue is here raised for the first time, thus precluding appellate review. See State v. Burtlow, 210 N.W.2d 438, 439 (Iowa 1973).

■ Assuming, arguendo, defendant did preserve error it still remains the issue instantly presented is devoid of merit.

As this court dispositively stated in State v. Kramer, 252 Iowa 916, 920–921, 109 N.W.2d 18, 20 (1961):

"[T]he defendant says if there was anything to submit it should have been rape only, without included offenses. His argument here is that the state's evidence showed, if it showed anything, a completed rape. At this point he cites authorities to the effect that when the evidence shows the defendant to be guilty either of the highest offense or none at all, included offenses need not be submitted; and he asserts it was error for the trial court to submit the included offense of which he was found guilty. It is necessary only to point out that the jury was the sole trier of the facts; it might believe all of the state's case, or none of it, or only part of it. If it chose not to believe the prosecuting witness and the police officer on the question of penetration, it had the right to do so. Equally, it had the right to believe the prosecutrix and Mrs. Redenbaugh as to the assault; and so believing, to bring in the verdict which it did.

The proposition is self-evident and needs no further elaboration."

See also State v. Pilcher, 158 N.W.2d 631, 634–635 (Iowa 1968).

III. The final problem to be resolved is whether a sentence of 20 years imprisonment in the Men's Reformatory is so excessive as to constitute an abuse of discretion by trial court.

Under the provisions of Code § 698.4 the maximum term of imprisonment on conviction of assault with intent to rape is 20 years. Furthermore, the indeterminate sentence law is thereby made inapplicable and imprisonment may be for any term of years less than the aforesaid maximum.

■■ It may at first glance appear the sentence imposed is relatively harsh, but that alone is not determinative. We must, as best possible, ascertain whether the sentence is so severe as to constitute an abuse of discretion by trial court. See State v. Carncross, 205 N.W.2d 698, 699 (Iowa 1973); State v. Brown, 176 N.W.2d 180, 183 (Iowa 1970).

In effecting such an evaluation we look first to these guidelines in State v. Kendall, 167 N.W.2d 909, 911 (Iowa 1969):

"Confronted with the matter of claimed excessive sentence this court said in State v. Cooper, Iowa, 161 N.W. 2d 728, 732: 'We have consistently held that where the judgment imposed does not exceed the statutory maximum, it is only where an abuse of the trial court's discretion is shown that we will interfere. We said in State v. Cupples, supra, 260 Iowa 1192, 152 N.W.2d 277, 280:

" ' "It was the duty of the trial court to ascertain any and all facts that would assist in the proper exercise of its discretion in fixing defendant's sentence, whether in or out of the record. State v. Myers, 241 Iowa 670, 672, 42 N.W.2d 79, 80; State v. Dalton, 254 Iowa 96, 101, 116 N.W.2d 451, 454.

" ' "The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. 24B C.J.S. Criminal Law § 1980." ' "

This court was confronted with a problem comparable to that here presented in State v. Stevenson, 195 N.W.2d 358 (Iowa 1972). There the 18 year old defendant, on conviction of rape, was ordered committed to the Men's Reformatory for 25 years. We reduced that sentence to ten years because Stevenson's past record disclosed neither prior victim related acts of passion nor potentially violent conduct.

Thus a line of demarcation between the Stevenson case and the instant cause becomes evident.

Apparently trial court did not have the benefit of a presentence investigation report. See in that regard State v. Patterson, 161 N.W.2d 736, 737 (Iowa 1968). Therefore, as best determinable from our review of the record, absent any such report, it appears Banks early became what is referred to as a juvenile problem. He was ultimately committed to the Training School for Boys, but in the spring of 1972 escaped from that institution. Thereafter, and prior to commission of the offense here involved, defendant assisted in the theft of several automobiles and on one occasion attempted an assault upon a young girl in Storm Lake but due to intervention of other persons was prevented from effecting an unknown objective.

Under these circumstances we cannot say the sentence here imposed is so severe as to constitute an abuse of discretion by trial court.

IV. Further study of the record also discloses the instantly issued mittimus erroneously states, in part: "* * * Defendant was tried and convicted of the crime of rape in violation of Section 698.1 of the 1971 Code of Iowa * * *." The clerk of trial court is therefore instructed to promptly issue a corrected mittimus showing, "* * * Defendant was tried and convicted of the crime of assault with intent to commit rape in violation of Section 698.4 of the 1971 Code of Iowa * * *."

Affirmed but remanded for correction of mittimus.