# IN THE COURT OF APPEALS OF IOWA

No. 13-0244
Filed July 16, 2014

**ANTHONY BROWN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.


        A defendant appeals from a dismissal of an application for postconviction

relief. **AFFIRMED.**


        Randall McNaughton of Lauren M. Phelps, PLLC, Davenport, for

appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, Michael J. Walton, County Attorney, and Jerald Feuerbach, Assistant

County Attorney, for appellee State.


        Considered by Danilson, C.J., McDonald, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Anthony Brown appeals from the dismissal of his application for postconviction relief.

## I. Background Facts and Proceedings

Brown was convicted of second-degree murder after a bench trial on the stipulated record. He was sentenced to a term of incarceration not to exceed fifty years. He appealed his conviction, and it was affirmed. *See State v. Brown*, 04-1340, 2005 WL 2217016, at *2 (Iowa Ct. App. Sept. 14, 2005). Procedendo issued November 21, 2005.

Brown subsequently filed his initial postconviction-relief action alleging multiple charges of ineffective assistance of counsel. The application was denied, and Brown appealed. The denial of his application was affirmed. *See Brown v. State*, 09-1384, 2011 WL 1781852, at *4 (Iowa Ct. App. May 11, 2011).

On September 19, 2012, Brown filed this, his second postconviction-relief request. Brown's underlying contention is that the trial information charging second-degree murder was defective and charged no crime. Consequently the court did not have jurisdiction to convict him. He further alleged all previous counsel, including postconviction counsel, were ineffective for failing to recognize and raise the contention that the trial court had acted without subject matter jurisdiction in finding him guilty and subsequently sentencing him.

The State filed a request for a summary dismissal as provided by Iowa Code section 822.6 (2011). Brown resisted the motion, and an unreported hearing was held. The court concluded that the postconviction-relief action was

barred by the three-year statute of limitations provided by Iowa Code section 822.3.

Brown has appealed, additionally contending that trial counsel in the current postconviction-relief action provided ineffective assistance by not requiring the hearing on the State's motion to be reported. Brown contends that the State's motion should not have been granted.

## II. Standard of Review

Appeals from denial of a postconviction-relief application including summary dismissals are ordinarily reviewed for corrections of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Denial of effective assistance of counsel raises a constitutional issue, and as such, our review is de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## III. Error Preservation

It is generally considered that an issue must be raised and ruled on by the trial court for it to have been preserved for appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). An exception to the traditional error preservation rules exists when the failure was the result of ineffective assistance of counsel. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

## IV. Discussion

### A. Ineffective Assistance of Current Postconviction-Relief Counsel

Brown claims ineffective assistance of counsel because postconviction-relief counsel did not require a record of the arguments at the hearing on the motion for summary dismissal. Ineffective assistance of counsel cannot be predicated on a general allegation of ineffectiveness. *Dunbar v. State*, 515

N.W.2d 12, 15 (Iowa 1994). There must be some showing of what would have been included in that record that would have affected the result. *State v. Kendall*, 167 N.W.2d 909, 911 (Iowa 1969). Brown has made no such showing. In fact, there is not even an allegation of a material dispute of fact that would have impacted the three-year statute of limitations. Only a legal issue was presented.

### B. Defective Trial Information

We now turn to Brown's underlying claim that a defective trial information deprived the court of jurisdiction and note Brown fails to differentiate between subject matter jurisdiction and authority. The district court that tried the underlying case had subject matter jurisdiction over the criminal case. *See* Iowa Const. art. V, § 6.2; Iowa Code § 602.6101. "Subject matter jurisdiction refers to the authority of the court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *Schrier v. State*, 573 N.W.2d 242, 244 (Iowa 1997). Inadequacy of the trial information is a particularized objection to a specific case and not an objection to the court's right to hear a general class of cases. Where subject matter jurisdiction exists, an impediment to a court's authority is subject to waiver. *State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993).

Brown cites Iowa Rule of Criminal Procedure 2.11(2), which sets out certain matters that must be raised by pretrial motion. Included within those classifications are "[d]efenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge

an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)." Iowa R. Crim. P. 2.11(2)(b).

The exception on which Brown relies is not helpful to him. The pendency of the criminal proceeding ended at the time the procedendo was issued. Procedendo issued on November 21, 2005, more than three years prior to the filing of this postconviction relief application. We need not address the alleged deficiencies of the trial information; even if the trial information was deficient, Brown's claim is barred by the three-year statute of limitations.

Brown asserts in his brief that his claim of ineffective assistance negates the three-year statute of limitations set out in Iowa Code section 822.3. The cited code section, after setting out the three-year bar on postconviction-relief actions, does provide that "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. However, a claim of ineffective assistance of counsel is not new evidence or law constituting a "ground of fact or law" that will stay the application of the three-year bar. *Wilkens v. State*, 522 N.W.2d. 822, 824 (Iowa 1994). Because Brown has failed to show his claim meets an exception to the time limits imposed by section 822.3, we affirm the order dismissing his application for postconviction relief.

**AFFIRMED.**

.