# IN THE COURT OF APPEALS OF IOWA

_____

No. 24-1625
Filed January 28, 2026

_____

**John Michael Ancell,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

_____

Appeal from the Iowa District Court for Bremer County,
The Honorable Rustin Davenport, Judge.

_____

**AFFIRMED**

_____

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J. Buller, J., takes no part.

1

**CHICCHELLY, Judge.**

John Ancell appeals the denial of his application for postconviction relief (PCR). He claims (1) his trial counsel gave was ineffective, (2) he is actually innocent, and (3) his due process rights were violated. Because Ancell has not met his burden of proving any of these claims, we affirm the denial.

## I. BACKGROUND FACTS AND PROCEEDINGS.

Police arrested Ancell after responding to a call about a possible domestic dispute at K.E.'s house in May 2017. K.E. told officers that Ancell prevented her from going downstairs, poked her forcefully in the chest, and grabbed her face while trying to quiet her. She also said that Ancell pushed her to the floor and pinned her down with his knees. The officers noted and photographed marks on K.E.'s neck, face, and chest.

While conducting an inventory of Ancell's belongings, jail personnel found a clear plastic bag in his money clip. A substance in the bag was later determined to be marijuana. When asked about it, Ancell stated he had found the bag and intended to throw it away.

The State charged Ancell with domestic abuse assault causing bodily injury and possession of marijuana. A jury found Ancell guilty of both charges, and the district court denied Ancell's motions for new trial and in arrest of judgment. Ancell appealed his convictions, which this court affirmed. *See generally State v. Ancell*, No. 18 0959, 2019 WL 2372141 (Iowa Ct. App. June 5, 2019).

Ancell applied for PCR in November 2021. He raised three claims of ineffective assistance of counsel, argued his actual innocence, and alleged the

State violated his due process rights. The PCR trial was held in July 2024. In September 2024, the PCR court denied Ancell's application.

## II. SCOPE AND STANDARD OF REVIEW.

We review denials of PCR for correction of errors at law. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). We review constitutional claims, like a claim of ineffective assistance of counsel, de novo. *See id.* Although we are not bound by the PCR court's determination, we give weight to its findings concerning witness credibility. *Id.*

## III. INEFFECTIVE ASSISTANCE OF COUNSEL.

Ancell first contends the PCR court erred in denying him PCR because he received ineffective assistance from his trial counsel. Ancell raises three claims of ineffective assistance. He alleges that his counsel was ineffective by failing to: (1) adequately investigate the charges against him, (2) request a spoliation instruction, and (3) request a new trial based on the weight of the evidence.

To succeed on his claims of ineffective assistance of counsel, Ancell must show that (1) his counsel did not perform an essential duty and (2) that failure prejudiced him. *See State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020). In deciding whether Ancell satisfies the first requirement, we measure counsel's performance against the prevailing professional norms based on the circumstances and presume counsel performed competently unless a preponderance of the evidence shows otherwise. *See id.* For the second requirement, Ancell must show a reasonable probability that the result of the proceeding would have been different if counsel performed competently. *See id.* A reasonable probability means the likelihood of a different result undermines our confidence in the outcome of the trial. *Id.*

### A. Failure to Investigate.

We begin with Ancell's claim that his trial counsel was ineffective by failing to properly investigate the injuries to K.E. that he allegedly caused. At trial, Ancell's attorney challenged the evidence that he injured K.E. Ancell argues that a competent attorney would have (1) investigated whether K.E. received medical treatment, (2) hired a private investigator, and (3) interviewed the friend K.E. called during the argument with Ancell.

We agree that Ancell has not shown his attorney conducted an inadequate investigation of K.E.'s injuries. Even if we assume that counsel breached a duty of care, Ancell cannot show the outcome of trial would have changed if counsel had performed competently. He only offers supposition, claiming that an investigation would have provided "additional support for his defense" without saying what evidence, if any, it would have uncovered. This conclusory claim is too speculative to show prejudice. *See State v. Kendall*, 167 N.W.2d 909, 911 (Iowa 1969) (stating that ineffective-assistance claims "must be supported by more than speculative, generalized argument"); *see also, e.g.*, *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (holding a PCR applicant's claims that trial counsel was ineffective for failing to investigate were "too general in nature" to address because the applicant did "not propose what an investigation would have revealed or how anything discovered would have affected the result obtained below"); *Luke v. State*, 465 N.W.2d 898, 902 (Iowa Ct. App. 1990) (rejecting a claim of ineffective assistance based on counsel's failure to investigate because the applicant did not show the witness would have provided exculpatory evidence).

### B. Failure to Request a Spoliation Instruction.

Ancell next claims his trial attorney's performance was unconstitutionally deficient because he did not request a spoliation

instruction. "A spoliation instruction is a direction to the jury that it may infer from the State's failure to preserve evidence that the evidence would have been adverse to the State." *State v. Hartsfield*, 681 N.W.2d 626, 630 (Iowa 2004) (cleaned up). A spoliation instruction is justified if substantial evidence shows: "(1) the evidence was in existence; (2) the evidence was in the possession of or under control of the party charged with its destruction; (3) the evidence would have been admissible at trial; and (4) the party responsible for its destruction did so intentionally." *Id.* (cleaned up).

Ancell disputes that he was in possession of marijuana, noting that officers did not find any marijuana during two earlier searches. One of those searches occurred in the booking area of the jail after Ancell's transport, when an officer searched Ancell's money clip specifically to recover K.E.'s bank card. Because the booking area of the jail is routinely recorded, Ancell's attorney requested the video to disprove that the marijuana was in his money clip when he was booked at the jail. But no video was available because the jail's storage capacity had been reached. So Ancell argues that his attorney had a duty to request a spoliation instruction, which would have allowed the jury to infer that any video would have undermined the State's case if it had not been destroyed.

Ancell's attorney testified that he considered requesting a spoliation instruction but opted against it because there is no evidence that a video of Ancell's booking existed and was intentionally destroyed. The PCR court found counsel's analysis and determination were correct, and thus, counsel was not ineffective by not requesting the instruction. We agree that nothing in the record shows that the State intentionally destroyed evidence. Because the grounds for giving a spoliation instruction were not met, the request would not have been successful. Thus, counsel's failure to request a

5

spoliation instruction did not breach an essential duty. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise issues that have no merit . . . .").

### C. Failure to Move for New Trial Based on the Weight of the Evidence.

Finally, Ancell contends his attorney was ineffective because he did not move for a new trial based on the weight of the evidence. The PCR court rejected this claim, concluding that Ancell cannot show prejudice because the motion would have failed. Although Ancell disagrees, he offers no availing argument for reaching a different conclusion. We therefore affirm.

## IV. ACTUAL INNOCENCE.

Ancell next contends he should be granted PCR based on his actual innocence. To succeed, Ancell "must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict [him] of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018).

We agree with the PCR court that Ancell has not produced clear and convincing evidence that no rational factfinder could have convicted him. Not only did a jury convict Ancell, but a panel of this court also found sufficient evidence of his guilt on direct appeal. *Ancell*, 2019 WL 2372141, at *5–6. Because Ancell relies on the same record to show his actual innocence, his claim fails.

## V. DUE PROCESS VIOLATION.

Finally, Ancell contends his constitutional right to due process was violated when the State destroyed any booking video that may have existed. "To prove a due process violation based on destruction of evidence, the defendant must show (1) a proper defense request for the evidence; (2) that the evidence was material; and (3) that the evidence would have been significantly favorable to the defendant." *State v. Craig*, 490 N.W.2d 795, 796 (Iowa 1992) (citation omitted). Because Ancell's claim involves potentially exculpatory evidence and its value cannot be evaluated, Ancell must show the State acted in bad faith. *Id.* at 796–97.

Ancell's claim suffers from the same issues as his claim that counsel was ineffective for failing to request a spoliation instruction. There is no evidence that a video of the booking room at the jail was recorded on the night of Ancell's arrest let alone that the State destroyed it deliberately. If anything, the State was negligent in checking the storage capacity for the recordings. The loss of this evidence cuts both ways as some recordings would have helped the State's criminal prosecutions even if other recordings may have harmed it. Even so, nothing in the record suggests that the State acted deliberately to destroy a video recording of Ancell's booking. More importantly, Ancell's statement that he found the bag undercuts his claim.

## VI. CONCLUSION.

Because Ancell has not shown he is entitled to PCR, we affirm.

**AFFIRMED.**